ALBANY,
January, 1817.

ANDERSON
v.
DRAKE.

ANDERSON *against* DRAKE.

Where a note is not payable at any particular place, and the maker has a known and permanent residence, within the state, the holder is bound to make a demand of payment there, in order to charge the endorser.

As where a note was dated at *New-York,* but the maker, before it was payable, removed to *Kingston,* in *Ulster* county, and this was known to the holder, a demand of payment or inquiry for the maker in the city of *New York* was held not to be sufficient to charge the endorser.

But where a note was dated at *Albany,* and the maker had removed to *Canada,* a demand of payment at *Albany* was held sufficient.

THIS was an action of *assumpsit*, brought against the defendant as endorsor of a promissory note, stated to be made on the 29th of *November*, 1814, at *New-York*, by one *Benjamin Dickenson*, by which he promised to pay to the defendant, or order, six months after date, 300 dollars. The declaration contained two counts; the first count stated, that on the 1st of *June*, 1815, the plaintiff " showed, and presented, and caused to be shown and presented, to the said *Benjamin Dickenson*, the said note, &c., and required him, then and there, to pay the same, which he refused, &c." The second count stated, that on the 1st day of *June*, &c., " diligent search and inquiry was made after the said *Benjamin Dickinson* at *New-York*, &c., in order that the note might be shown and presented to him for payment, and that the said *Benjamin Dickinson* could not, on such search and inquiry, be found, nor could any person be found to pay the same," &c.

The defendant pleaded, 1. *Non assumpsit*. 2. To the second count, specially, that the maker of the note on the 7th of *December*, 1814, removed from the city of *New-York* to the town of *Kingston*, in the county of *Ulster*, where he has ever since continued to reside; that the plaintiff well knew, at the time the note became due, and during all the time from the 7th of *December*, 1814, until the commencement of his suit, that the maker did so reside in *Kingston*, yet the plaintiff did not, and would not, demand payment of the note of the maker, at the time it was payable, though he was often requested by the defendant so to do, to wit, on the 28th of *May*, and on the 1st of *June*, 1815.

To this plea there was a general demurrer and joinder.

*J. Strong*, in support of the demurrer, contended, 1. That as the note was dated in *New York*, and the parties resided there at the time it was made, it must be presumed, no particular place being designated for the payment, that it was payable in *New-York*.

2. That the removal of the maker from *New-York* to any other place did not render it necessary for the holder to fol-

low him for the purpose of demanding payment; and he relied on the case of *Stewart* v. *Eden,** for the support of these positions.

*Anthon* and *Slosson,* contra. The note declared on was not payable at any particular place. The averment in the declaration is that the maker was not found in " the city of *New-York,* in the third ward of the said city." The plaintiff ought to have averred that the maker was not to be found in the city of *New-York,* nor elsewhere *in the state of New York.* Such are the precedents.†

Notice to the endorser, without a previous demand on the maker, is a nullity. *Bayley*‡ lays down the rule to be, that if the maker has removed, the holder must endeavor to find out to what place he has removed, and make the presentment there. If the maker removes out of the state, the holder is excused from seeking him further than his last place of residence.§

Here the holder says, that the maker had removed to *Kingston,* within the state. He knew, therefore, where he was to be found, and it was his duty to have followed him and demanded payment of him personally, or at his actual place of residence. It is part of the contract, that the holder is to use due diligence to get the money of the maker, before he calls on the endorser. The distinction is between the case where the maker or drawee has never lived at the place where the note or bill states him to reside, or has absconded, and the case where he has removed; and unless he has removed out of the state, the holder must endeavour to find him out and make the presentment || The acceptor or maker is liable everywhere, and the bill or note may be presented wherever he can be found, where it is not expressly made a part of the contract that it should be paid at any particular place.**

Thompson, Ch. J., delivered the opinion of the court. This case comes before the court on a demurrer to the second plea. The defendant being sued as an endorser of a promissory note, pleads specially, that the maker of the note had, shortly after the making thereof, and before it became payable, removed from the city of *New York* to *Kingston,* in *Ulster* county, there permanently to reside, which was well known to the plaintiff; and that no demand had been made upon the maker. The demur-

ALBANY,
January, 1817.

ANDERSON
v
DRAKE

* 2 Caines' Rep. 121—128.

† Carth. 509. 1 Went. Pl 307.

‡ On Bills, 58. Stra. 1087.

§ Sanger v. Stimpson, 8 Mass. Rep. 5 Binney, 541 Thom; son v. Ketchum, 4 Johns. Rep. 295.

|| Chitty on Bills, 125 (2d edit.) Esp. Rep. 511.

** 2 Campb. Rep. 656. 3 Taunt. 415. 2 Hen. Pl. 509.

rer admits the truth of these allegations. And the question pre= sented is, whether a demand upon the maker at *Kingston* was necessary, in order to charge the endorser.

It does not appear from the declaration, that the note was made payable at any particular place; nor is there any alle- gation, from which we are to infer that the note, upon the face of it, appears to have been made in *New-York.* . The case, however, was argued, by the defendant's counsel, upon the ad- mission of that fact; and our opinion is founded on the suppo- sition that the note appears, on the face of it, to have been drawn in *New-York*, that being, at the time, the place of resi- dence of the drawer, though before the note fell due he removed to *Kingston*, in *Ulster* county, there permanently to reside.

Whether, under such a state of facts, a demand on the maker at *Kingston* was necessary, or whether it was sufficient if made in *New-York*, where the note was drawn, is the point to be decided. Had the note expressly been made payable in *New-York*, a demand there would have been sufficient, notwithstand- ing the removal of the drawer. *Livingston, J.*, in delivering the opinion of the court in *Stewart* v. *Eden*, (2 *Caines' Rep.* 127.,) says, the note being dated in *New York*, the maker and endor- ser are presumed to have contemplated payment *there*. This, however, was not the point directly before the court; and it is evident, from a subsequent part of the opinion, that he did not intend to be understood that *New-York* would have been the place to demand payment of the maker, or to give notice to the endorser, in case of a permanent removal from the city. In *Thompson* v. *Ketchum*, (4 *Johns. Rep.* 285.,) the note was dated at *Montego Bay*, yet, it was not deemed payable there; otherwise parol evidence would have been inadmissible to prove it was payable at *New-York.* Such evidence would have been repugnant to the written note, if the inference of law was that it was payable at *Montego Bay.* This point was, in some measure, before the supreme court of *Pennsylvania*, in *Fisher* v. *Evans.* (5 *Binney's Rep.* 542.) It was there con- tended, in argument, that the place where the bill was drawn and dated, must be taken to be the residence of the drawer, and that the holder was not bound to look for him elsewhere. But the *Chief Justice* said he knew of no such principle, and that the proper place to give notice to the person entitled to receive it, was at his permanent residence.

*Bailey,* in his treatise on bills, (58..) states the rule to be, that if the drawer or maker cannot be found at the place where the bill or note is payable, and it appears that he never lived there, or has absconded, the bill or note is to be considered as dishonoured; but if he has only removed, the holder must endeavour to find out to what place he has removed, and make the presentment there. This is, in some measure, supported by the case of *Collins* v. *Butler.* (*Stra.* 1087.) This rule, I apprehend, cannot be correct to the extent there laid down. The settled law now is, that a demand of payment at the place where the note is made payable is enough to charge the endorser. This is so decided in the case of *Saunderson* v. *Judge,* (2 *H. Black.* 509.,) and by this court in the case of *Stewart* v. *Eden ;* but, according to Mr. *Bailey,* the holder must follow the maker to the place of his removal.

The general rule is, that the holder of a note is bound to make use of all reasonable and proper diligence to find the maker, and demand payment, where no particular place is appointed for such payment. And in determining what shall be considered reasonable diligence, due regard must be had to the security of endorsers, as well as to the unembarrassed circulation of negotiable paper. The laying down precise rules, however, on this subject is attended with some difficulty. In a case decided in this court, (but which is not reported,) the drawer of the note had removed to *Canada* ; the note was drawn and dated at *Albany*, though not made payable at any particular place, and it was held that a demand in *Albany* was sufficient to charge the endorser. I can find no distinction in the books as to the place being within the jurisdiction of the court, which varies the rule on this subject; nor do I see any substantial reason for any such distinction. It is necessary, however, that some rule should be settled, and I am inclined to think, that where a note is not made payable at any particular place, and the maker has a known and permanent residence within the state, the holder is bound to make a demand at such residence, in order to charge the endorser. Whoever takes such note is presumed to have made inquiry for the residence of the maker, in order to know where to demand payment, and to assume upon himself all the inconvenience of making such demand, and the risk of the maker's removing to any other place before the note falls due. As the demurrer, therefore, in this case admits

ALBANY,
January, 1817.

DUNN
v.
THE RECTOR,
&c. of ST. AN-
DREWS CHURCH.

the permanent residence of the maker to have been at *Kingston* when the note fell due, and that known to the plaintiff, he was bound to demand payment of the note at that place; and not having done so, the endorser is discharged. The defendant must, accordingly, have judgment upon the demurrer.

Judgment for the defendant.