The opinion of the Court was delivered by
Gibson J.
The charge of the Court has been filed under the act of assembly, but the evidence has not been brought up by a bill of exceptions ; so that very few of the facts appear on the record. It seems, however, the defendant gave evidence of a continued state of intoxication of the intestate, about the period when the note, on which the suit is.brought, was signed; and also of a conspiracy between the plaintiff and a certain Sterling Adams to defraud him, and by taking advantage of his state of inebriety to procure him to sign this, among other notes. To rebut this, the plaintiff gave evidence of declarations of the intestate, made three months, after the date of the note, that the plaintiff had used him well, had- been a father to him, and had not cheated him; and then prayed the Court to direct the jury, that when after a lapse of several months, time is given for sobriety and reflection to return, *486 and the party does not object, but on the contrary expresses satisfaction with the contract, equity will not relieve. The Court was of opinion, that if there was fraud in fact, these deciarations would not of themselves defeat the defence set up. Now the question here was fraud or not. The declarations _ , . . , , , ... or the intestate were evidence, though not conclusive, that no fraud originally existed; they might be explained and shewn to have been made under a misapprehension of the true state of the fact, or undue influence of the plaintiff, acquired from extrinsic causes continuing to operate at the time. Hence it rested with the jury to decide, on a view of the whole, ground, whether the note in question had originally been obtained through fraud or not. But it is argued, that if it even were so obtained, still, those declarations made at a time when the intestate must be supposed to have recovered from inebriety, operated as a confirmation of the contract, and purged it of the original fraud. But were not the jury to judge, whether the original delusion, or any other, operated at the time of the declarations ? But take it, the intestate made the declarations with full knowledge of all necessary circumstances, while free from every improper influence, and it is clear they will not amount to a confirmation, for the case does not admit of it. The case of Chesterfield, v. Janssen, 2 Ves. 125. 1 Atk. 301, is cited by the plaintiff’s counsel, but I confess I cannot see with what hope of benefiting their cause. In that case, there was no imputation of fraud or moral depravity in the original transaction. Mr. Spencer obtained a loan from the defendant, on condition of paying double or nothing, on the event of his surviving the Duchess of Marlborough. The transaction was, without success, attempted to be impeached on the ground of usury; and as to its being an unconscionable bargain, obtained from a man forced by his necessities to anticipate an estate in expectancy, it was held this was obviated by giving, with full knowledge of all necessary circumstances, a new security in confirmation of the original transaction, when all embarrassment had ceased. The cause was most ably argued, and decided on great consideration, by Lord Hardwicke, assisted by able Judges ; it is, therefore, of great authority. Now, there was nothing like what Lord Hardwicke called actual fraud, arising from facts and circumstances of positive deceit, but only a sort of fraud arising from the circumstances, and the condition of the *487 contracting parties; anda contract merely unconscionable, by reason only of the latter consideration, always admits of confirmation. Public policy is the ¡ground on which chancery protects men in necessitous circumstances, from, becoming the prey of those disposed to take advantage of the pressure of their wants; they are protected against themselves. But after a man’s embarrassments are removed, and he has ceased to be a fit subject for the protecting care of chancery, it is perfectly reasonable to permit him to validate that which was originally invalid from policy merely, and not on account of moral turpitude, in the adverse party. Where, however,, there has been actual and positive fraud, or the adverse party has acted mala fide, there can be no such thing as a confirmati on; what was once a fraud, will be always so. The reason of the distinction is, that a contract, infected with that kind of fraud which must be proved, and not presumed from the circumstances of the parties, is not merely .voidable, but void; and confirmation, without a new consideration, would be nudum pactum. If the transaction in Chesterfield v. Janssen, had been usurious, all the Judges agree, that no subsequent confirmation would have been available. Ardglasse v. Muschamp, 1 Vern. 237. Wiseman v. Beake, 2 Fern. 121, and Baugh v. Price, 1 Wils. 320, are express, that a contract positively fraudulent, cannot be confirmed by subsequent acts; and in Brooke, executor of Hobart v. Gally, 2 Atk. 34, Lord Hardwicke decreed a note to be delivered up, that had been given voluntarily by a person of full age, to a victualler for burgundy, champaigne, and claret, clandestinely furnished him when an infant at school.
There is another point which, as the evidence has not come up with the record, it is difficult to comprehend or decide. It would seem, however, evidence was given of mutual dealings, and the Court were requested to charge, that if the property sold to Findley would cover this note, or any part of it, the balance might be recovered in this suit. It appears to us, the Court did so instruct the jury. Findley had given the plaintiff other promissory notes, on which alone the defendant contended the balance of the general account, if any were due, could be recovered. The Court referred the jury to the statement exhibited on each side, and directed them to confine their attention. to the note in suit, and if any thing were due, to find a verdict for so much. On this ground *488 then, the plaintiff had no right to except; but if the direction had been different, it might be right from every thing that ; for if at the time of executing this note, Findley were not indebted to the plaintiff, it would be void for want of consideration, and would not be recoverable, even though he afterwards became indebted. Having the evidence very imperfectly before us, it would be difficult to say, that any direction the Court might choose to give, was wrong. The judgment must be affirmed.
Judgment affirmed.