## Lehman *against* Jones.

Where the maker of a promissory note has absconded from his usual place of residence before the time of payment, it is not necessary to prove an inquiry for him there, and an effort to obtain payment, in order to charge the endorser. But it is otherwise where the maker has merely removed from his place of residence.

**ERROR** to the Common Pleas of *Lebanon* county.

A. J. Jones and J. Cameron & Co., against John Lehman and William Stroh. This was an action of *assumpsit,* in which the plaintiff filed the following statement.

The plaintiffs, by their attorney, Jacob B. Weidman, state, that the above suit is brought to recover the sum of three hundred and five dollars and sixty-two cents, which they the said plaintiffs paid as endorsers of said John Lehman, Jun., and William Stroh, on a note drawn by K. Robinson, and discounted by the Harrisburg Savings Institution. That said note was drawn by K. Robinson on the 18th of November 1835, payable in 90 days after date to the order of John Lehman, Jun. and William Stroh, for three hundred dollars, without defalcation, for value received. That the said A. J. Jones and J. Cameron, at the special instance and request of the said John Lehman and William Stroh, put their names on the back of the said note as endorsers, to induce the said Harrisburg Savings Institution to discount the same, which was done accordingly. That the note was regularly protested for non-payment, of which the said K. Robinson, John Lehman and William Stroh had notice. Cost of protest $1.37. That the said A. J. Jones and J. Cameron paid for them, the said John Lehman and William Stroh, to the said institution three hundred and five dollars and sixty-two cents, debt, interest and costs, on the 14th of May 1836; which sum of three hundred and five dollars and sixty-two cents I verily believe to be due by the defendants to the plaintiffs, with interest thereon until paid.

After proving the execution of the note by the drawer and endorsers, the plaintiffs offered the same in evidence, dated 18th of November 1835, for $300.

Note read, endorsed John Lehman, Jun., and William Stroh.

Protest then offered in evidence, dated 19th of February 1836, by M. M'Kinney, Notary Public, with the notarial seal affixed to it.

Protest objected to, on the ground that it does not certify any material fact, which the law requires; and does not certify that a demand was made upon the drawer of the note; and does not cer-

[Lehman v. Jones.]

tify the method in which notice was given to the endorsers; nor to where notice was sent to them; and that the notarial seal is not such as the law requires.

The court overruled the objection, and admitted the protest in evidence; the counsel for the defendants excepted.

The plaintiffs then called Margaret Robinson, and offered to prove by her, that the drawer of the note, Robinson, absconded, and left the state shortly after the date of the note, and before it became due, and that he has not since returned:—to show that they were excused from making any demand from the drawer.

Defendants object, because it is irrelevant, and insufficient to dispense with a demand on the drawer, or search for him; and also that it is not evidence under the statement filed.

The court overruled the objection, and admitted the evidence. The counsel for the defendants excepted.

Margaret Robinson sworn. I am the mother of Dr K. Robinson; he lived in Jonestown in December 1835, Lebanon county; he had a wife and kept house; he went away the 12th of December 1835. He brought his wife to Lebanon a few days before he left. She left Harrisburg when he did. She went from here to Harrisburg, to meet him. He left about three o'clock in the morning. I did not know he was going away; he told me he was going to Harrisburg, and would return the same day. I have never seen him since. He never returned to Jonestown afterwards. He went to the west. The first place I heard of him he went to Delaware, Ohio. I got a letter about a year after he left.

The note was discounted on the 21st of November 1835, at the Harrisburg Savings Institution; the proceeds went to the credit of K. Robinson, the maker. They were drawn on the 23d of November by K. Robinson's check; and the note was paid by A. J. Jones and Cameron, on the 14th of May 1836, $305.62, endorsed by Jones and Cameron.

The court below thus instructed the jury:

PARSONS, President.—The court instruct the jury, as a matter of law, if they believe that Robinson absconded in December 1835, as testified to by his mother, and did not return before the note became due, nor since, it was not requisite that the holders of the note should go to Jonestown, and attempt to make a demand upon him, in order to charge the endorsers; provided the endorsers were cognizant of the fact that the drawer had left the state, of which there would seem to be no doubt, if the testimony of Mrs Robinson is believed.

*L. Kline* and *E. Pearson,* for plaintiffs in error, cited 3 *Whart.* 121; 10 *Watts* 130.

*Foster* and *Weidman,* for defendants in error, cited 4 *M'Cord* 503; 4 *Mass.* 45; 6 *Mass.* 451; 8 *Mass.* 260; 9 *Wheat.* 598.

[Lehman v. Jones.]

PER CURIAM.—The rule in *Lambert* v. *Oakes* (1 *Lord Raym.* 443) is, that the holder must have demanded, or done his *endeavour* to demand the money. But the law is not so unreasonable as to require an impossibility : and therefore it is said (*id Anon.* 743) that where the drawee of a bill has absconded before the day of payment, notice of the fact is equivalent to notice of demand and dishonour. In *Duncan* v. *M'Cullough* (4 *Serg. & Rawle* 480) the principle was recognised as being applicable to a promissory note ; and it has been established by direct decision in some of our neighbouring states. It would have been idle for the plaintiffs to demand payment at the late residence of Robinson, the drawer, after he had absconded. Where, indeed, the drawer of a note or the drawee of a bill has merely removed from the place of his residence indicated by the bill, it is the business of the holder to inquire for him and ascertain where he has gone, in order that he may follow him ; but when he has secretly fled, an application at the place would lead to no information in respect to him, and the law requires nothing which is nugatory. The other errors are either resolvable by this principle, or are plainly unfounded.

Judgment affirmed.