Wilde, J.
At the trial of this cause, several exceptions were taken to the rulings of the court, and to the instructions given to the jury; and the first question to be considered is that which is raised by the exception taken to the instruction, that if the maker of the note had left the State of New York, several months before the note fell due, and had entirely abandoned his business and his residence there, and was not in the State when the note came to maturity, no demand, at any place, was necessary.
The defendant’s counsel contends that this part of the instructions is erroneous, on two grounds: In the first place, it has been argued, that a demand should have been made on the maker of the note, in Illinois, because he had his residence there, as it is alleged, at the time when the note was indorsed to the plaintiffs. But as the time of the indorsement, and the time of the removal of the maker of the note to Illinois, are not ascertained by the evidence, this ground of exception fails.
The second ground of exception is, that a demand should have been made at the maker’s last place of residence in the *295 city of New York, unless it could be clearly proved that the plaintiffs had made reasonable inquiries, unsuccessfully, to ascertain the same. And on this ground, we are of opinion that the exception is well sustained. The general rule is, that, to charge the indorser of a promissory note, a personal demand on the maker is to be made; or if he be not found where he ought to be found, and no place of payment is specified, a demand at his place of abode, or place of business, is sufficient. But if, after making the note, he removes to another place within the State, the demand should be made at his new domicil. And if he removes into a foreign country or another State, a demand at his new place of residence is not required; as was decided in M’Gruder v. Bank of Washington, 9 Wheat. 598.
Whether there may not be exceptions to the rule there laid down, is a question which it is not necessary to decide in the present case. But it would seem reasonable, that when the maker of a note, before it falls due, removes into another State, and acquires a new domicil in a town or place adjoining his former place of residence, or near thereto, the demand should be made at his new domicil. Bayley on Bills, (2d Amer. ed.) 198, 200. Story on Bills, §§ 351, 352. Anderson v. Drake, 14 Johns. 117. Louisiana State Ins. Co. v. Shamburgh, 14 Martin, 511. However this may be, such a demand was not necessary in the present case ; but it should have been made at the maker’s last place of residence in New York; and the plaintiffs were bound to make diligent inquiries to ascertain it. This we consider indispensable ; and as the jury were not so instructed, but, on the contrary, were instructed that no demand, under the circumstances stated, was necessary, the defendant is entitled to a new trial, notwithstanding -the finding of the jury that the notary had used due diligence in this respect. What amounts to due diligence, there being no dispute about facts, is a question of law for the court to decide; and we are of opinion that the facts proved do not amount to due diligence on the part of the plaintiffs. It was their duty to inform the notary of whom to make inquiry, and where the persons to be inquired of might be found, And it cannot be doubted, that if inquiries had been made of *296 the payee or the other indorsers, the maker’s last place of residence in New York might have been ascertained.
For these reasons, without considering the other questions discussed by counsel, we are of opinion that the defendant is entitled to a new trial, as, on the evidence reported, we think this action cannot be maintained.

New trial ordered.