## FOSTER *et al. v.* JULIEN.

Where the maker of a promissory note within this State removes therefrom, and continues to reside abroad until its maturity, the indorser may be charged without a demand of such maker or presentment at his last place of residence within this State.

APPEAL from the Supreme Court. Action upon a promissory note made by one George Vanden, payable to the order

Foster *v.* Julien.

of the defendant, and by him indorsed. The note was dated at New York, where the maker resided at the time, and the indorser resided in the same city. The note was dated May 3, 1855, and had three months to run. About the middle of June following, the maker removed to the State of New Jersey, and continued to reside there until September 24th, 1855. The note fell due August 6th, and was protested, and notice of protest duly given to the defendant. From the facts found by Judge WHITING, before whom the cause was tried without jury, it appeared that the Notary, on the day the note fell due, made inquiry for the maker at the post-office in the city of New York and, to ascertain his residence, examined the city directory; but the maker's residence, on such inquiry, could not be found. The judge upon these facts, found, as a question of law, that the removal of the maker from the State of New York into the State of New Jersey, and his continued residence therein up to the maturity of the note, dispensed with the necessity of the demand upon him. The judgment for the plaintiff, ordered by Judge WHITING, was affirmed at general term, in the first district, and the defendant appealed to to this court.

*Henry A. Morange,* for the appellant.

*John H. Reynolds,* for the respondent.

DAVIES, J. The only question presented for consideration is, whether the change of residence of the maker from the State of New York to the State of New Jersey, intermediate the date of the note and its maturity, dispensed with the necessity of presenting the note at the last place of residence of the maker in this State, and demanding payment thereof there. It is not contended that the holder was bound to seek out the maker, or his place of residence in the State to which he had removed, for the purpose of presenting the note and demanding payment. But it is urged that the holder should have sought the last place of residence of the maker in this State,

and made the presentation and demand there. The Supreme Court of this State, in *Anderson* v. *Drake* (14 Johns., 114), say they had then (in 1817), in a late Case not reported, decided, when the drawer of a note had removed to Canada—the note being dated and drawn in Albany, though not made payable at any particular place in that city—that a demand in Albany was sufficient to charge the indorser. It is not stated where the demand in that case was made in Albany, and it is not seen upon the facts stated, how it could have been made, nor is any reason given for making it. It was decided in *Anderson* v. *Drake* (*supra*), that when a note is not made payable at any particular place, and the maker has a known and permanent residence within the State, the holder is bound to make a demand at such residence in order to charge the indorser. The general rule is, that the holder of a note, who seeks to charge the indorser, must demand payment of the note at its maturity of the maker, at his place of business or residence. If the note is payable at a particular place, the demand must be made at the appointed place. The holder must use all reasonable and proper diligence to find the maker, where no particular place of payment is appointed in the note. And the case of *Anderson* v. *Drake* (*supra*), established the rule, that where a change of residence of the maker took place between the making of the note and its maturity, and no place was appointed in the note for its presentment, the demand of payment must be made of the maker at his place of residence at the maturity of the note, provided such residence was within this State. *Taylor* v. *Snyder* (3 Denio, 145), was an action upon a note dated at Troy, in this State, the maker residing in Florida at the time of making the note, and at its maturity. No intermediate change of residence took place. The payment of the note was demanded of the defendant, the indorsee thereon, at Troy, and on refusal it was protested and notice given. BEARDSLEY, J., reviews ably and elaborately all the cases, when the presentment of the note for payment has been excused and classifies the exceptions to the general rule, requiring presentment and demand to charge the indorser, and shows they all

rest on peculiar reasons. He says, in one the maker has absconded, in another he is temporarily absent, and has no domicil or place of business within the State; in a third his residence, if any, cannot be ascertained; while in the fourth he has removed out of the State, and taken up his residence in another country. In each of these instances let it be observed, the fact constituting the excuse occurs subsequently to the making and indorsement of the note, and it is this new and changed condition of the maker, and that only, by which the indorsee stands committed without a regular demand." In *McGruder* v. *Bank of Washington* (9 Wheat., 598), the Supreme Court of the United States, say, in reference to a change of residence to a foreign country or another State, "the reason and convenience are in favor of sustaining the doctrine that such a removal is an excuse from actual demand. Precision and certainty are often of more importance to the rules of law than their abstract justice. On this point there is no other rule that can be laid down, which will not leave too much latitude as to place and distance. Besides which it is consistent with analogy to both cases, that the indorser should stand committed in this respect, by the conduct of the maker. For his absconding or removal out of the kingdom, the indorser is held, in England to stand committed."

It is thus seen that the controlling element, which is introduced to establish the indorser's liability, is the change of condition after the making of the note. It is this change which commits the indorser, and excuses the presentment and demand of the bill. In this State, the rule has been regarded as well settled, since the decision of the case of *Anderson* v. *Drake*, that a removal of the maker out of the State, after the making of the note and before its maturity, excuses the holder from presentment and demand. It is true, that the court say that in the case of the removal of the maker of the note to Canada, intermediate its making and maturity where the note was dated at Albany, a demand in Albany was held sufficient to charge the indorsee. Yet it is not stated when the demand in Albany, in that case was made, or if the court

deemed the fact of a demand essential. The principle of the case was that the removal of the maker excused presentment and demand, and the Canada case was decided in harmony with that principle, and it was not necessary to the case, or to render the decision in conformity with the previous cases, to advert to the fact that a demand of payment of the note, if any was made, was made in Albany. It was not relied on or adverted to that such demand was made at any particular place, and no reason is suggested why it should have been made at all, or that its being made was regarded as a material circumstance. The Canada case is certainly no authority for the position of the defendant, that the demand should have been made at the late place of business or residence of the maker in this State. BEARDSLEY, J., in *Taylor* v. *Snyder* (*supra*), says, " that there is a further exception to the rule requiring a demand to be made of the maker or at his domicil or place of business, for where a note is made by a resident of the State, who, before it is payable, removes from the State, and takes up a permanent residence elsewhere, the holder need not follow him to make demand, *but it is sufficient to present the note for payment at the former place of residence of the maker.*" I have looked at all the authorities referred to in support of this position, and they fail entirely to sustain the point in the terms stated, and furnish no authority for the qualification that it is sufficient to present the note for payment at the former place of business of the maker. The learned judge was misled by the headnote to the case in 9th Wheaton (*supra*), which is in these words: " Where the maker of the note has removed into another State or another jurisdiction, subsequent to the making of the note, a personal demand on him is not necessary to charge the indorser, *but it is sufficient to present the note at the former place of residence of the maker.*" There is nothing in the case to warrant the qualification or suggestion in the headnote, relative to presenting the note at the former place of residence of the maker. It has long been well settled that a personal presentment of the note to the maker is not necessary to charge the indorser, neither will a presentment alone of the note suffice

to charge the indorser: there must be a demand of payment and refusal. But no case which I have met with requires that the presentment and demand should be personal to and of the maker. A demand of payment at the place of business or residence of the maker was sufficient, and a refusal by any one there was all that was required. In *Cromwell* v. *Hynson* (2 Esp., 511), it was held that the presentation of the bill to the wife at the party's house, he being the master of a ship and absent from England, was a sufficent demand. (See, also, 2 Taun., 206.) The facts as admitted in *McGruder* v. *The Bank of Washington* (*supra*), were, that at the maturity of the note, neither the holder nor the notary knew of the removal from the District of Columbia of the maker, who resided there at the date of the note. Ten days before its maturity he removed out of the District to the State of Maryland, nine miles distant from his previous residence. At its maturity the note was delivered to a notary, who went with it to the house of the maker, where he last resided, and from which he had removed, in order there to present the note and demand payment, and not finding him there, and being ignorant of his place of residence, returned the said note under protest. Thus it is not alleged that the Notary presented the note at the last place of residence of the maker in the District, or that he demanded payment of it from any one. And the court in its opinion, does not advert to the fact that the Notary went with the note to the maker's last place of residence, or intimate that he should have done so, and there presented it and demanded payment. But the court distinctly places its decision upon the fact that the removal of the maker after the date of the note and before its maturity out of the District into one of the States, being in another jurisdiction absolved the holder from the necessity of presentation and demand of payment, and held the indorser duly charged, though neither was done. The court gave no intimation that the note had been presented at the maker's last place of residence, or that that fact was regarded as at all material.

The next case referred to by Justice BEARDSLEY is that of *Anderson* v. *Drake* (*supra*), in which no such point arose or is

referred to. The only allusion to it is the remark made in relation to the Canada case, where it was said it was held that a demand in Albany was sufficient to charge the indorser. *Dennie* v. *Walker* (7 N. H., 199), did not present the point, but so far as it bears on the present case, is an authority to sustain the judgment in this case. There the maker of the note resided in Portsmouth at the date of the note, but at its maturity was at sea, his family still residing there, and there had been no change of his residence. The court held that his absence did not excuse presentment and demand at his residence to charge the indorser. UPHAM, J., says, " a removal without the bounds of the government after the making of a note, and before it becomes due, and where no place of payment of the note is specified, renders a demand upon the maker unnecessary ; but this is an exception of the general rule, and must be construed strictly. Anything less than an actual change of residence by removal without the State would leave the rule too uncertain." The next case is that of *Gillespie* v. *Hannahan* (4 McCord R., 503). There the Notary made inquiry for the maker of the note in Charleston, where it was dated, and where the maker resided at the time it was made, but who had no residence at its maturity in Charleston, having in the meantime removed to Philadelphia. The Notary protested the note and gave notice to the indorser, without having made any presentment or demand. In an action against the indorser, the court held that where the maker had removed to another State, and resided there at the maturity of the note, the demand of payment was not necessary. The court say : "For all legal purposes a neighboring State, is regarded as a foreign country. Bills drawn on a sister State are regarded as foreign bills, and the terms 'beyond the seas', used in the statute of limitations, have in construction been applied to a neighboring State. I come to the conclusion that for the purposes of a demand on the maker of a promissory note, it must be so regarded; and that his absence from the State in which the note was made, and where it was understood it was to be paid, will excuse the holder from making a personal demand in order to charge the

indorser." *Reid* v. *Morrison* (2 Watts & Serg., 401), I regard as an authority in point. There the court held that if the drawer of the bill, or maker of a note has absconded, that circumstance will dispense with the necessity of making any further inquiry after him. Citing Chitty on Bills, 261, Bayley on Bills, 95, in *Duncan* v. *McCullogh* (4 Serg. & Rawle, 480), the court say, "the same rule which exists in the case of absconding, applies to that of the removal of the maker or drawee into another jurisdiction after the execution of the instrument."

*Gist* v. *Lybrand* (3 Ohio, 307), is also a case in point. It was urged there that no inquiry was made at the last place of residence of the maker for payment, he having intermediate the date of the note and its maturity removed from the State. The court say, "we all concur in the opinion with the Supreme Court of the United States upon the first point in this case. In the case of *McGruder* v. *Bank of Washington*, cited by the plaintiffs' counsel, they have settled that the removal of the maker of a note after it was made and before its maturity, into a different State from that where he resided when the note was made, excuses the holder from making actual demand of payment from the maker. Whether a demand should be made at any other place is not made a point or adjudicated upon in that case. But it seems to us a clear consequence of the decision that such demand was unnecessary. The fact of removal commits the indorser and dispenses with all demand, unless a particular place be appointed for the payment of the note in the note itself."

I entirely concur in the views thus clearly expressed by the Supreme Court of Ohio. I think they correctly apprehended the exact force and extent of the decision of the Supreme Court of the United States, and that case should be followed as an authority. There would have been no misapprehension in reference to that case, if the headnote of the reporter had not interpolated a qualification to the rule enunciated not contained in the case or in the opinion of the court. This misapprehension undoubtedly led Mr. Justice BEARDSLEY into the qualification of the rule, otherwise correctly enunciated by

him, and which rule was fully sustained by the authorities cited; but they do not sustain the qualification of the rule, it being only found in this headnote. The case in 9th Wheaton was decided in 1824, and I think the rule then laid down, was in harmony with previous adjudications in England and in this country, and as it establishes a uniform and reasonable and certain rule of commercial law, by the highest tribunal in the country, one not in conflict with our own decisions, I think we ought to recognize and adhere to it. This rule is approved by one of our most learned and able writers on the subject. (Edward on Bills, pp. 485, 486.)

I have been able to find but one case where a different rule has been announced. It is that of *Wheeler* v. *Field* (6. Met., 290). There the court held to charge an indorser upon a note dated in New York, where the maker had removed out of the State where it was made and dated, before its maturity, that a demand should have been made at the maker's last place of residence in New York, when he had removed to the State of Illinois. No authorities are cited for the opinion expressed, and no reasons are given why it should be recognized. It is certainly in direct conflict with those which have been already referred to, and it is not in harmony with the principles settled in numerous cases. We think it better to adhere to the long settled rule as laid down in the case in 9th Wheaton, even although cases might be supposed in which its application might by possibility work some wrong. It is of the highest importance in a commercial community that the rules relating to the presentment, demand and protest of notes and bills should be certain, and when once enunciated should be adhered to; and no reasons are suggested which we think should influence us to depart from or modify the rule as laid down by the United States Supreme Court in the case in 9th Wheaton. We think it a reasonable, just and proper rule, and one which should have universal application.

The judgment appealed from should be affirmed, with costs.

Denio, Lott, James and Hoyt, Js., concurred.

MASON, J. (Dissenting.) Upon the facts of this case as found, the only question for review in this court is, whether where a note is made by a resident of this State without any place of payment designated, who, before the note is payable, removes from the State and takes up a permanent residence in another State, the holder of the note is bound to present it for payment at the last place of residence of the maker within the State in order to charge the indorser. The question has never been directly decided by the courts of this State, and it is proper therefore to look somewhat into the principles governing the law of commercial paper. Where a promissory note is not made payable at any particular place, the general rule of law is that, in order to charge the indorser, payment be demanded of the maker personally or at his dwelling-house, or other place of abode, or at his counting-house or place of business. (Story on Promissory Notes, § 235; *Bank of America* v. *Woodworth*, 18 J. R., 315; 19 Id., 391.) Though this is the general rule, yet a demand may be dispensed with entirely under particular circumstances. It is a question of due diligence, and if a demand is found to be impracticable, proper efforts for that purpose having been made, the indorser will still be held liable, due notice having been given to him by the holder. (3 Denio, 145.) Thus when the maker has absconded, that will ordinarily excuse a demand, and notice of the fact is sufficient to hold the indorser. (1 Ld. Raym., 443, 743; Chitty on Bills, 400, 401, 8th Am., from the 8th Lond. ed.; Story on Promissory Notes, § 237; 3 Kent's Com., 123, 6th ed.; *Putnam* v. *Sullivan*, 4 Mass. R., 45; 1 Watts & Serg., 126; 4 Serg. & Rawle, 483; 3 Denio, 154). So when the maker is a seaman on a voyage, having no domicil in the State, the indorser is liable without a demand; and so indeed in every case where the maker has no known residence or place at which the note can be presented for payment, the indorser will be excused from making any demand whatever. (Story on Promissory Notes, § 237; *Whittier* v. *Graffam*, 3 Greenl. R., 82; *Putnam* v. *Sullivan*, 4 Mass. R., 53; *Duncan* v. *McCullough*, 4 Serg. & Rawle, 480; 3 Denio, 151.) In all these cases,

however, the excuse for not making a demand must be shown on the trial of the cause. In all these cases it must appear that the maker had absconded, was at sea, or had no known domicil or place of residence where the note should be presented. The rule is strict that a demand must be made or a proper excuse shown for its omission. The rule seems to be very well settled, also, that if the maker of the note, subsequent to the making and before its maturity, has removed from the State, and become domiciled in another State, the holder need not follow him and make a demand there. (3 Kent's Com., 123, 8th ed.; 9 Wheat. R., 598; 18 J. R., 322; 7 N. H. R., 199; 4 McCord's R., 503; 2 Watts & Serg., 401; 3 Denio, 151; Edwards on Bills and Promissory Notes, 159.) But whether in such a case the holder is excused from presenting the note at the last place of residence of the maker in the State, does not seem to be very well settled. I feel constrained to say, after a careful examination of the question, and the best reflection which I have been able to bestow upon it, I think he must make the demand at the last place of residence of the maker within the State; and if he omit to do so, that the maker is discharged. I know that it is held that the holder is excused from making any demand when the maker had absconded. The cases, it seems to me, are not analogous. The law will not indulge in any presumption that where a man has absconded he has left funds at his last place of residence in the State to pay his notes. It seems to me, however, where a man removes from the State, after he has made a note, and before its maturity, knowing the law to be that the holder is under no legal obligation to follow him into the State of his changed domicil, that the law will indulge the presumption that he has saved his indorser from protest by leaving funds at the place where he knew the holder would have to present it if he had remained in the State, or where he might think it would be presented at maturity. The elementary writers upon this branch of the law, so far as I have been able to consult them, without exception, seem to regard the demand at the last place of residence of the maker in the State as necessary. At least it is fairly to

be implied that they regard it as necessary from the manner in which they state the rule. Chancellor KENT states the rule, as follows: "If the maker of the note or acceptor of the bill has removed out of the State, subsequent to the making of the note, or accepting the bill, it is sufficient to present the same at his former place of residence." (3 Kent's Com., 130, 9th ed.) Edwards in his recent Treatise on Bills and Promissory Notes, page 159, states the rule in the same language. (Story on Bills of Exchange, § 352, 3d ed.; Chitty on Bills, pp. 412, 413, 12th Am. ed., from the 9th Lon. ed.) There are some of the judges in this State, certainly, who have assumed a demand to be necessary in such a case. It was so assumed by Chief Judge THOMPSON in *Anderson* v. *Drake* (14 J. R., 114). Judge BEARDSLEY assumes this to be the rule in delivering the opinion of the court in *Taylor* v. *Snyder* (3 Denio, 151), and so does Judge JEWETT in delivering the opinion of the court in the case of *Spies* v. *Gilmore* (1 Comst., 326, 327). This distinct question was presented to the Supreme Court of Massachusetts in the case of *Wheeler* v. *Field* (6 Met. R., 290), and the court held that the holder was bound to demand payment at the maker's last place of residence or place of business within the State where he made the note, if he can find it by due diligence. This case deciding what I think was, by the understanding of the profession, the law on this subject, I think we should follow it. I am aware that the Supreme Court of Ohio in the case of *Gist* v. *Lybrand* (3 Ham. Ohio R., 319), has decided this question directly the other way. The case, however, seems to have been decided upon the strength of the authority of *McGruder* v. *The Bank of Washington* (9 Wheat. R., 598). In that case the note was presented at the last place of residence of the maker within the District of Columbia, and the only question really presented for decision was, whether the note was properly protested on the demand made at the last place of residence of the maker, and the court held that it was. I cannot but think that the Supreme Court of Pennsylvania fell into an error in the case of *Reid* v. *Morrison* (2 Watts & Serg., 401), where they say that the same rule which exists

in the case of an absconding maker applies equally to that of the removal of the maker into another jurisdiction after the execution of the instrument. Now it seems to me that we have seen that the two cases are not analogous: that there are good reasons for holding a different rule in the latter case. If I am correct in the views above expressed, it follows that the judgments of both the general and special terms in this case should be reversed, and a new trial granted.

COMSTOCK, Ch. J., expressed no opinion; SELDEN, J., was absent.

Judgment affirmed.