WEYAND et al. v. RANDALL et al.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

1. BILLS AND NOTES (§ 403*)—DEMAND FOR PAYMENT—PLACE OF DEMAND—DEMAND IN ANOTHER STATE.

　　Where the maker of a promissory note has a known residence in another state when the note is made, which remains unchanged, demand for payment must be made there; but if the maker resided in this state when the note was executed, and thereafter moved to another state, demand in the latter state is unnecessary.

　　[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1087; Dec. Dig. § 403.*]

2. PAYMENT (§ 6*)—PLACE OF PAYMENT.

　　The general rule, based on the presumed intention of the parties, is that, where no place of payment is named, payment must be made. at the residence of the creditor; and, if the latter has a known residence in

another state when the contract is made, the debtor must pay there, unless the contract provides otherwise.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 9, 10; Dec. Dig. § 6.*]

**3. APPEAL AND ERROR (§ 1175*)—DISPOSITION—REVERSAL—RENDERING JUDGMENT.**

On reversal of a judgment of dismissal, where the facts cannot be changed on a retrial and show a cause of action, though a remand is necessary to determine the amount due on the debt sued on, judgment should be entered for plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4580; Dec. Dig. § 1175.*]

**4. APPEAL AND ERROR (§ 1178*)—DISPOSITION—REVERSAL—REMAND.**

On reversal of a judgment of dismissal and entry of an interlocutory judgment for plaintiff in an action to foreclose a mortgage, though the facts cannot be changed on a retrial and show a cause of action, the case should be remanded to determine the amount due on the debt and the question of allowances.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4614; Dec. Dig. § 1178.*]

Appeal from Special Term, Queens County.

Action by Henry Weyand and another against Frederick G. Randall and others. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and interlocutory judgment entered for plaintiff, and case remanded for further proceedings.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Frederick S. Jackson, for appellants.
H. Schieffelin Sayers, for respondents.

MILLER, J. This is an appeal from a judgment in favor of the defendants in an action brought to foreclose a mortgage. The mortgage stated, and the fact was, that the mortgagees resided at Waterbury, in the state of Connecticut. The mortgage contained a provision that the principal sum should become due in case of default in the payment of interest. The first payment of interest fell due on August 12, 1907. Thirty days after default of payment the plaintiffs elected to call the mortgage. The question presented upon this appeal is whether the interest was payable at the residence of the mortgagees, or whether the defendants may defend upon the ground that they were ready and willing to pay the interest in this state.

. Judgment was given for the defendants upon the authority of Hale v. Patton, 60 N. Y. 233, 19 Am. Rep. 168. In that case the mortgagee was a resident of the state when the mortgage was made, but was out of the state when the interest came due, and the defendant actually took the money to the plaintiff's residence in this state, but was unable to find any one to whom he could pay it. That case, therefore, did not decide the question involved in this. The respondents rely upon the statement in the opinion of Judge Andrews "that, if the creditor is out of the state when payment is to be made, the debtor is not obliged to follow him; but readiness to pay within the state in

that case will be as effectual as actual payment to save a forfeiture," for which Coke on Littleton, 304 (2), is cited as authority. It may be said, in passing, that exchanges are more readily facilitated now than in the days of Coke and Littleton. Moreover, the respondents do not bring their case within the dictum upon which they rely, for the word "follow" implies that the creditor was in the state, but had departed therefrom. The effect of Hale v. Patton is discussed in Taylor v. Blair, 59 Hun, 347, 351, 13 N. Y. Supp. 154, and Lumbermen's Insurance Co. v. Meyer, 197 U. S. 407, 417, 25 Sup. Ct. 483, 49 L. Ed. 810, wherein it is shown that the absence from the state referred to by Judge Andrews was the subsequent absence of a creditor who was a resident of the state when the contract was made.

The precise question here, as applied to the right to call the principal of a mortgage for failure to pay interest, does not appear to have been decided in this state; but the cases dealing with the place where a demand has to be made on a maker to charge the indorser of a promissory note are somewhat analogous. Where the maker had a known residence in another state when the note was made, and that residence remained unchanged, the demand had to be made there. Taylor v. Snyder, 3 Denio, 145, 45 Am. Dec. 457; Spies v. Gilmore, 1 N. Y. 321. But where the maker resided in the state when the note was made, and subsequently removed therefrom, presentment and demand were excused. Foster v. Julien, 24 N. Y. 28, 80 Am. Dec. 320; Adams v. Leland, 30 N. Y. 309.

The general rule that, where no place of payment is specified, the debtor must seek the creditor, is unquestioned. That rule, of course, is based on the presumed intention of the parties. If they wish a particular place of payment other than the residence of the creditor, they must specify it in the contract. Where the creditor resided in the state when the contract was made, it may well be presumed that payment within the state was intended by the parties; hence the rule that the debtor does not have to follow him out of the state. But, where the creditor has a known residence in another state when the contract is made, the debtor should expressly stipulate for a place of payment within the state, if he does not wish to pay at the residence of his creditor. There is as much reason for saying that the parties intended that payment should be made at Waterbury, Conn., as there would be for saying that payment was to be made at Buffalo, for instance, if the mortgagees had happened to reside there. The question is really one of construction of the contract, of determining the intention of the parties. Where they have not expressly stated the place of payment, their intention must be ascertained according to settled rules of law; and no reason is suggested for applying a different rule merely because there happens to be an artificial line between the residences of the parties. The defendants having made default in the payment of interest, the plaintiffs had a right to call the principal; and it may be said, in passing, that the clause of the mortgage enabling them to do that was doubtless inserted to insure the prompt payment of interest. The plaintiffs had a right to insist upon that,

and were well within their rights in calling the principal upon default in payment of interest for 30 days.

The judgment must be reversed, with costs; and, as the facts cannot be changed, an interlocutory judgment should be entered. As the amount due has to be ascertained, and the question of allowances decided, the case should be remitted to the Special Term.

Judgment reversed, with costs, interlocutory judgment directed in favor of the plaintiffs, and the case remitted to the Special Term. All concur.