Louis Unger, Plaintiff, v. Eagle Fish Co., Inc., Defendant.

Supreme Court, Special Term, Kings County, June 4, 1945.

*Halle, Halle & Rowen* for defendant.

*Edward Vogel* for plaintiff.

Garvin, J. This is a motion by defendant for an order dismissing the complaint pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The gravamen of the complaint is an alleged false and fraudulent representation by defendant to plaintiff that the Office of Price Administration had not fixed any ceiling on frozen fish; that said commodity was not under any of the regulations of said office; that defendant had sold and was selling considerable sums of frozen fish on the open market at forty cents per pound plus freezing charges and that plaintiff was entitled to sell and receive forty cents per pound plus freezing charges for the fish involved in this action.

The general rule applicable is that in the absence of unfair or inequitable conduct a mistake of law induced by a defendant has been generally held to be no basis for relief, but the better view now is that a fraudulent misrepresentation of law or the taking advantage of a perceived mistake of law of the other party will at least justify rescission. (See 5 Williston on Contracts [Rev. ed.], § 1591.) With regard to misrepresentation of law, the Restatement of the Law of Torts (Vol. 3, § 525), issued by the American Law Institute, states: " § 525. *Liability for Fraudulent Misrepresentations.* One who fraudulently makes a misrepresentation of fact, opinion, intention or

law for the purpose of inducing another to act or refrain from action in reliance thereon in a business transaction is liable to the other for the harm caused to him by his justifiable reliance upon the misrepresentation.''

And at page 102 (§ 545) : '' § 545. *Misrepresentation of Law.* (1) If a representation as to a matter of law in a business transaction is a representation of fact the recipient is justified in relying upon it to the same extent as though it were a representation of any other fact.

'' (2) If the representation as to a matter of law in a business transaction is a representation of opinion as to the legal consequences of facts known to the maker and the recipient or assumed by both to exist, the recipient is justified in relying upon it to the same extent as though it were a representation of any other opinion as stated in §§ 542, 543.''

Applying the foregoing to the allegations contained in the complaint, the court is of the opinion that a cause of action is stated, and that the motion to dismiss should be denied.