George Tilzer, J.
Plaintiff moves pursuant to rule 109 of the Buies of Civil Practice for an order striking out the second, third and fourth defenses and the fifth affirmative defense and first counterclaim and for severance of the second counterclaim.
In the second defense, it is alleged that the writing on which plaintiff relies was executed in Israel and is invalid under the laws of Israel which prohibit an agreement to pay sums of money within the State of Israel in American dollars. The rule on which defendant relies is stated in Weyand v. Randall (131 App. Div. 167,169, revd. on other grounds 202 N. Y. 231): 1 ‘ The general rule that where no place of payment is specified the debtor must seek the creditor, is unquestioned. That rule, of *1080 course, is based on the presumed intention of the parties. If they wish a particular place of payment other than the residence of the creditor, they must specify it in the contract. Where the creditor resided in the -State when the contract was made it may well be presumed that payment within the State was intended by the parties; hence the rule that the debtor does not have to follow him out of the State.”
Plaintiff has been found to be a resident of Israel. -However, the document on which plaintiff relies states that he as well as the defendant is a citizen of the United States. Payment was provided in dollars. No place for payment was specified. Stating the citizenship of the United States and payment in dollars among other possible circumstances and considerations indicate a need for inquiry into the intent as to the place of payment or of performance. This is so particularly as it may be presumed that both parties stating United States citizenship knew that payment in dollars in the United States is legal. Consequently the legality of the agreement under the law of Israel can be determined only after trial and the second defense must be permitted to stand.
A further objection is raised with respect to both the second and third defenses to the effect that the law of Israel has not been properly pleaded. The objection is overruled. The further objection as to the third defense that the defendant did not have the right to rely on the representation of the law of Israel as to severance pay is also without merit. A party may rely on a representation as a fact as to a matter of law in a business transaction (Unger v. Eagle Fish Co., 185 Misc. 134, affd. 269 App. Div. 950; Civ. Prac. Act, § 112-f).
The fourth defense urges duress. The allegations thereof are conelusory and this is the objection raised thereto. However, defendant has served an amended answer as of right, the amendment affecting the fourth defense.
In the fifth defense and first counterclaim, defendant alleges that the document subject of the complaint was fraudulently induced. The elements of deceit are factually and sufficiently stated and if proved would warrant rescission.
The motion for relief pursuant to rule 109 is denied with leave to renew the motion with respect to the fourth defense as it is set forth in the amended answer.
The application for severance of the second counterclaim is granted for the purpose of trial only, and it is otherwise denied.