*BELLIEVRE* vs. *BIRD.*

APPEAL from the court of the third district.

Due diligence must be used by the holder of a bill to find out the residence of the maker, or the indorser will not be responsible.

PORTER, J., delivered the opinion of the court. The questions presented for decision in this case are, whether there was a legal demand of payment, from the maker of the notes on which this suit is brought? and if there was, if the defendant, who is indorser, had due notice thereof?

The court below thought both were established, and gave judgment for the plaintiff.

Both notes are dated at Baton Rouge, the one payable three years after date, the other four. The protests state, that the notary made diligent enquiry for the drawer at the different public places in the town, in order to demand payment, but could not find him or any person who would pay the same for his honor.

The evidence shows, that the drawer lived in New-Orleans two years and a half previous to the trial, and had continued to reside there since; that he is a tax gatherer in the city, and had occasionally been in Baton Rouge within this time, but only on a visit.

The witness by whom these facts are proved stated, that he has been only twice or thrice in New-Orleans since the drawer removed there, and that since his removal he run a schooner for some time between Baton Rouge, and the capital of the state.

Another witness proved, that previous to the maker's *removal* to New-Orleans he resided with the defendant.

We are of opinion that the demand was not legally made. It is difficult to lay down a precise rule on the subject. But in every case it is the duty of the holder to use due diligence to find out the maker. In the present case demand was neither made personally, nor at the place of the drawer's domicil previous to his removal, nor at his residence in the place to which he had removed. This we are satisfied was not sufficient. See *Bailey on Bills*, 58; 14 *Johnson*, 114; 9 *Wheaton*, 600; *Chitty on Bills*, [ed. 1821] 335.

BELLIEVRE
*vs.*
BIRD.

This opinion renders it unnecessary to decide the other ground taken by the defendant: and it is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided, and reversed, and that there be judgment for defendant, as in case of nonsuit, with costs in both courts.

*Ripley & Conrad* for the plaintiff, *Watts and Lobdell* for the defendant.