## ATHERTON, Adr. of Sargent, *vs.* THORNTON.

Where a person, who has his actual residence in this state, becomes bail for another, it is sufficient for the officer, who has the execution against the principal, to leave a notice at the last and usual place of abode of the bail in this state; notwithstanding he might have had a legal domicil elsewhere at the time he became bail, and have been actually resident there at all times after the execution issued.

SCIRE FACIAS against the defendant, as bail of Moses Bixby.—It was alleged that Sargent, at the February term of the superior court, 1832, recovered judgment against Bixby, &c. ;—that Thornton became bail on the original writ—that execution issued March 5, 1832, and was delivered to a deputy sheriff to be executed, who on the first of September, 1832, left at the last and usual place of abode of the said Thornton, in Merrimack, a notice in writing, that he held said execution in his hands, the amount of the debt, costs and fees, and the time and place of the return of the same, and certified the same on said execution—and that said deputy kept said execution in his hands until the return day, and then returned *non est inventus*, &c.

The defendant, under the common rules, pleaded that he was not chargeable as bail; on which issue was joined.

On the trial it was admitted that the defendant became bail November 19, 1831, and that judgment was recovered, and execution issued, and returned, as stated in the *scire facias.*

The defendant resided with his family in his own house, and had his domicil in Merrimack, in said county of Hillsborough, previous to July, 1830, when he was appointed to an office in the Treasury department of the United States, and went to the city of Washington; and in November following he removed his wife and one child, (leaving one at Merrimack with his mother,) to Washington, where he lived, in a hired house, until the summer of 1831; when, in consequence of the ill health of his wife, she and the child returned to his house in Merrimack, and there boarded with the defendant's mother. On the first of October, 1831, the defendant came to Merrimack, and on the 23d of November, in the same year, returned again to Washington with his family, and kept house there until the seventh of September, 1832, when, on account of sickness in his family, he abandoned house-keeping, and his wife and children went to Newton, in Connecticut, where they remained until September 1, 1833, when they returned to Washington, and he again commenced house-keeping there. He came to Merrimack in September, 1832, and returned to Washington on the 20th of October, in the same year. In April, 1834, his family returned to Merrimack, and have ever since boarded in his house there, with his tenant, and he has not kept house in Washington since that time.

Since the year 1830 he has been taxed and has voted in the city of Washington, and has been taxed in Merrimack as a non-resident.

Repeated declarations of the defendant, that he intended to return and reside on his farm in Merrimack, were proved, and a year or two since he sent furniture from Washington to that place.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of the court upon the above case.

*C. H. Atherton*, for the defendant, cited *Story's Conflict of Laws*, 39—45; *5 Pick. Rep.* 377, *Harvard College* vs. *Gore*.

*C. G. Atherton*, for the plaintiff, cited 17 *Mass. Rep.* 591, *Bean* vs. *Parker* ; *Story's Conflict of Laws*, 42 ; 5 *English Ecclesiastical Rep.* 170, *Stanley* vs. *Bernes* ; 5 *Vesey* 787, *Somerville* vs. *Lord Somerville* ; 2 *Pick.* 281, *Lane* vs. *Smith* ; 10 *Pick.* 49, *McRae* vs. *Mattoon* ; *Gould's Pleading* 289 ; *Howe's Practice* 537 ; 1 *N. H. R.* 68, *Lewis* vs. *Blair* ; 2 *N. H. Rep.* 140, *Howard* vs. *Daniels* ; *ditto* 349, *Emerson* vs. *Brown*.

PARKER, J.   It has generally been considered that persons appointed to public office under the authority of the United States, and taking up their residence in Washington for the purpose of executing the duties of such office, do not thereby, while engaged in the service of the government, lose their domicil in the place where they before resided, unless they intend on removing there to make Washington their permanent residence.   2 *B. & P.* 231.

Prior to July, 1830, the defendant had his domicil in Merrimack ; and various circumstances in the case show that he did not intend to make Washington his fixed place of abode.   He retained his farm in Merrimack—resorted to it for short periods when his public duties permitted him so to do—sent his family there—and repeatedly declared his intention of returning and residing there.

It seems, therefore, that the domicil which the defendant had acquired in Merrimack remained, notwithstanding his personal residence, with his family, in Washington.   "In 'many cases actual residence is not indispensable to retain a 'domicil after it is once acquired ; but it is retained, *animo* '*solo*, by the mere intention not to change it, or adopt 'another.   If, therefore, a person leave his home for tempo-'rary purposes, but with an intention to return to it, this 'change of place is not in law a change of domicil.   Thus 'if a person go on a voyage to sea, or to a foreign country, 'for health, or pleasure, or business of a temporary nature, 'with an intention to return, such transitory residence does

'not constitute a new domicil, or amount to an abandonment 'of the old one; for it is not the mere act of inhabitancy in 'a place, which makes it the domicil, but the fact, coupled ' with the intention of remaining there, *animo manendi*." *Story's Conflict of Laws* 42.

But, had the defendant left the state without any intention of returning here to remain, he must be charged in this case. After his appointment, he resorted to this state, occasionally, to reside, and during the time he had his personal residence here he became bail upon the original writ. He must be presumed to have understood the liability he thereby assumed.

The statute relating to bail, after enacting that the sureties shall be obliged to satisfy the judgment obtained against the principal, in case of the principal's avoidance, and return of *non est inventus* upon the execution, provides " that the ' creditor, in any civil action, intending to charge the bail in ' such action, shall deliver his execution to an officer, with ' the name or names, place or places of residence, of the ' person or persons who became bail in such action ; and the ' officer shall, at least fifteen days before the return day of ' said execution, deliver to at least one of the bail in such ' suit, or leave at his dwelling house or last and usual place ' of abode, a notice in writing, stating that such execution ' is in his hands, the amount of the same, and when return- ' able," &c. *N. H. Laws*, 497. Were it not for this clause the defendant would have been chargeable by the mere avoidance of the principal and a return of *non est inventus*. But this clause cannot avail him, because by his " last and usual place of abode," as used in it, must, clearly, be intended his last and usual place of abode in this state. It is apparent that the execution must be delivered to an officer in this state. He is to give the notice, and this notice is an official act. This act he cannot be required to perform out of his jurisdiction. Such an act, so performed, would in ordinary cases be void.—Putting a letter into the post office

would not be a compliance with the terms of the statute, and it could never have been intended that the officer should travel to Washington, or New-Orleans, or wherever the bail might have gone, to give the notice.

The defendant had his actual residence here when he became bail, which was a sufficient domicil for the purposes of the present inquiry ; and his removal to another jurisdiction could not defeat his liability as bail, or impose different duties upon the creditor, and more especially upon the officer. 9 *Wheaton* 598, *McGruder* vs. *The Bank of Washington ;* 2 *Peters' Sup. C. Rep.* 102, *Williams* vs. *The Bank of the United States.*

*Judgment on the verdict.*