# SUPREME JUDICIAL COURT

FOR THE

COUNTY OF MIDDLESEX, OCTOBER TERM 1853,
AT CAMBRIDGE.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. BENJAMIN F. THOMAS, } Justices.
Hon. PLINY MERRICK,

THOMAS W. PIERCE & another *vs.* DANIEL P. CATE.

If the maker of a note absconds, leaving no visible attachable property, a want of a demand or inquiry for him is not thereby excused, so as to charge the indorser, although the latter knew of such absconding.

Notice to the indorser of a note, not payable at any bank by its terms or by usage, and not left in any bank for collection, and not presented to the maker for payment, is premature, if sent before the close of business hours of the last day of grace, though after bank hours; for the maker had the whole business day in which to pay it: And it is immaterial that the indorser knew that the maker had absconded.

This case was tried in the court of common pleas, December term, 1852, before *Wells*, C. J., under whose rulings

a verdict was found for the plaintiffs, and the defendant brought the case to this court by a bill of exceptions. The whole facts appear in the opinion.

*G. Minot,* for the defendant.

*C. P. Judd,* for the plaintiffs.   1. The note was dishonored by the absconding of the maker.   Story on Bills, § 235; Chitty on Bills, (10th Am. ed.) 279, 280; 2 Greenl. Ev. § 180; *Gilbert* v. *Dennis,* 3 Met. 495, 498, 499.   When the maker has absconded, there is no necessity for making a demand of payment on him.   *Putnam* v. *Sullivan,* 4 Mass. 45; *Widgery* v. *Munroe,* 6 Mass. 449; *Sanger* v. *Stimpson,* 8 Mass. 260.

2. This notice does inform the defendant of the dishonor of the note.   The notice may be good or not, according to the circumstances of the case.   *Gilbert* v. *Dennis,* 3 Met. 495; *Pinkham* v. *Macy,* 9 Met. 174; *Sanger* v. *Stimpson,* 8 Mass. 260, approved in Bayley on Bills, 255; *Putnam* v. *Sullivan,* 4 Mass. 45; *Hale* v. *Burr,* 12 Mass. 86; *Widgery* v. *Munroe,* 6 Mass. 449; *Clark* v. *Eldridge,* 13 Met. 96.

Shaw, C. J.   This is a suit by the plaintiffs, as indorsees of a promissory note, made by one Moses A. Brown, payable to the defendant or his order, three months after date, and indorsed by the defendant.   Before the maturity of the note, the maker absconded, leaving no visible property subject to attachment, but returned after the note became due.   The maker and indorser resided in the same town, near each other. There was evidence tending to show, that on the last day of grace, after two o'clock, (the ordinary close of bank hours,) the plaintiffs sent a letter to the defendant by mail, dated on that day, to this effect: " M. A. Brown's note, three months from December 25, 1848, indorsed by you, is due this day, and unpaid, and we shall look to you for the payment of the same."   The note was not at any bank on that day, and no demand on, or inquiry for the maker was proved.

The court instructed the jury, that if the maker had absconded, leaving no visible property subject to attachment, no presentment of the note to the maker, or demand at his dwelling-house, or other inquiry for him, was necessary; and fur-

ther, that if the defendant, the indorser, knew that the maker had absconded, that the notice sent before sunset on the last day of grace, was sufficient notice of dishonor to charge the indorser.

The court are of opinion that these directions are not sustained by the rules of law, and that they were incorrect on both points. We are aware that in some of the earlier cases in Massachusetts, it was held that proof that the maker had absconded, or failed, and become insolvent, so that a demand would be unavailing, would be an excuse for want of presentment. *Putnam* v. *Sullivan*, 4 Mass. 45. But it has been decided, on consideration, and upon principle, that the obligation of an indorser is conditional; that is, that he will be answerable, if at the maturity of the note, the holder will present it to the maker for payment; and if thereupon, the maker shall neglect or refuse to pay it, and the holder will give seasonable notice to the indorser, he will pay it himself *Sandford* v. *Dillaway*, 10 Mass. 52; *Farnum* v. *Fowle*, 12 Mass 89. These are the conditions of his liability. The holder, therefore, to charge the indorser, must show a compliance with these conditions, or that proper means have been taken to effect a compliance with them, unless, indeed, he can prove a waiver of them by the indorser. And this, we think, is the rule as now settled. *Granite Bank* v. *Ayers*, 16 Pick. 392; *Lee Bank* v. *Spencer*, 6 Met. 308. If the maker has left the state, the holder must demand payment at his actual or last place of abode, or of business, within the state. *Wheeler* v. *Field*, 6 Met. 290.

But upon the other point, the court are of opinion that the notice was insufficient. The note was not, by its terms, made payable at any bank, nor was it placed in any bank for collection. The reference, therefore, to usual bank hours, has no effect. When a note is, by its terms, or by established usage, payable at a bank, it is payable in the usual course of business. All parties are presumed to take notice of the usual hours at which the bank is open. After the expiration of those hours, the time for payment has expired, and the maker is in default. Thus, if a notice is given by the cashier

or if by the tenor of the notice, it appears that the note has been placed in the bank for collection, and has remained there unpaid, till after the usual hours of business have passed, this is notice of dishonor. But this rule has no application to a note not payable at a bank, by its terms, or by usage, and not placed in any bank for collection.

The rule in regard to notes like the one in question is, that the note is payable at any time on actual demand, on the last day of grace, and if such actual presentment and demand is so made and payment is not made, the maker is in default, and notice of dishonor may forthwith be given to the indorser. But if no presentment or demand is made by the holder upon the maker, the latter is not in default, till the end of the business day. Notice, therefore, from the holder to the indorser, at two o'clock of that day, that the note was unpaid, and that the holder looks to the indorser for payment, is not due notice that the maker is in default, and that the note is dishonored. *Pinkham* v. *Macy,* 9 Met. 174. Similar decisions have recently been made in England. *Furze* v. *Sharwood,* 2 Ad. & El. N. R. 388; *King* v. *Bickley,* 2 Ad. & El. N. R. 419; *Robson* v. *Curlewis,* 2 Ad. & El. N. R. 421.

*Exceptions sustained; new trial in this court.*