CHARLES SMITH & another *vs.* JOHN PHILBRICK.

The presentment of a promissory note at the place of its date is sufficient, in the absence of proof that the holder at its maturity knew that the maker resided elsewhere.

MERRICK, J. This is an action brought by indorsers against a prior indorser to recover the contents of a promissory note. At its maturity the holder placed it in the hands of a notary public, who by his direction went with it to the place of business which the maker formerly occupied in the city of Boston, and there made inquiry for him, in order, if he were found, to present it to him for payment. He was not found, and no demand of payment was made. The defendant insists that he is not liable as indorser, and that this action cannot be maintained.

The note is dated and was made at Boston, where the maker then was on a visit for a temporary purpose only. He then and has ever since resided at Port Lavacca in the State of Texas, where he had his only place of business. At the trial, no evidence was produced to show whether the plaintiff, or any of the subsequent holders of the note, knew that the maker's residence and place of business were in Boston, or elsewhere; there was no evidence whatever upon that question.

The indorser of a note is certainly never chargeable with its payment, if there has been neither a demand of payment made on the maker, nor due diligence used to find him for the purpose of presenting it to him for payment. The inquiry then is, whether, under the particular circumstances of this case, due diligence is shown to have been used to find the maker, so that the note could be presented to him and its payment demanded. What was it the duty of the holder to do? It is laid down by Chancellor Kent as a general rule, that "if there be no other evidence of the maker's residence than the date of the paper, the holder must make inquiry at the place of the date;" and he adds that "the presumption is, that the maker resides where the note is dated, and that he contemplated payment at that

place." 3 Kent Com. (6th ed.) 96. Story on Notes, § 236. *White* v. *Wilkinson,* 10 Louis. Ann. R. 394.

Assuming this to be the rule, there is no doubt that due diligence was used by the holder. He was not required to carry or to send his note to Port Lavacca for presentment; but only to make all proper inquiries at the place where it bore date to find the maker. Those inquiries were made with sufficient ful- ness and carefulness at Boston. It is not pretended that any thing was omitted, which, if done, would have been of the leas utility in collecting the note, or protecting the rights of the in dorser. Any further inquiry beyond that which was made by the notary would necessarily have been wholly fruitless.

If the place of the maker's residence had been known by the holder at the maturity of the note, it might perhaps have been incumbent on him to have forwarded it to Port Lavacca for presentment, or to have used all due diligence to have done so. That would be in conformity to the decision of the court in the case of *Taylor* v. *Snyder,* 3 Denio, 145, which is relied on by the defendant. In that case it appeared that the plaintiff well knew the maker's place of residence, which was out of the state where the note was made and dated; and it was held, that under such circumstances the indorser was discharged, because there was no demand of payment on the maker, and no inquiries or efforts were made to find him, except at the place where it bore date, in order to present the note to him for payment.

This fact of knowledge of the place of the indorser's residence distinguishes the present from the case of *Taylor* v. *Snyder,* and leaves it to be determined upon the general rule laid down by Chancellor Kent. The defendant insists that the plaintiffs ought to have been required, if they would avail themselves of that rule, to show affirmatively that both they and all the subsequent holders of the note were ignorant of the fact that the maker of the note had no residence or place of business in the city of Boston. This is not so. The presumption is, as has been before stated, in the absence of all other evidence upon the subject, that the residence of the promisor is at the place where the paper to which he subscribes his name is dated. Either party

may controvert this presumption and overcome it by proofs in-troduced. But no evidence to the contrary having been laid before the court, this presumption is to stand; and the

*Defendant's exceptions must be overruled.*

*B. Dean*, for the defendant, cited *Taylor* v. *Snyder*, 3 Denio, 145; *M' Gruder* v. *Bank of Washington*, 9 Wheat. 598; *Wheeler* v. *Field*, 6 Met. 290; *Bank of Orleans* v. *Whittemore*, 20 Law Reporter, 333; *Heylyn* v. *Adamson*, 2 Bur. 676; *Freeman* v. *Boynton*, 7 Mass. 483; *Warren Bank* v. *Parker*, 8 Gray, 221.

*T. F. Nutter*, for the plaintiffs.