PRESIDENT, DIRECTORS AND COMPANY OF THE GRAFTON BANK *vs.* DAVID P. COX.

If the maker of a promissory note leaves the Commonwealth, abandoning simultaneously both his residence and his place of business here, although his family remain a few months at the former, it is sufficient to charge one who indorsed the note to the plaintiff since the maker absconded, to make a demand at the maker's last place of business, without inquiry at his last residence, or of the indorser, for the maker's present residence.

ACTION OF CONTRACT against the indorser of a promissory note, made at Boston by Henry S. Downs. Trial in the court of common pleas, at December term 1858, before *Mellen,* C. J., who ruled that the evidence did not show sufficient diligence in the holders of the note in demanding payment of the maker, and ordered a verdict for the defendant. The plaintiffs alleged exceptions. The facts are sufficiently stated in the opinion.

*D. Foster,* for the plaintiffs, cited Story on Notes, §§ 235, 240; Edwards on Bills & Notes, 158–160; 3 Kent Com. (6th ed.) 96; *Creamer* v. *Perry,* 17 Pick. 335; *Bank of Columbia* v. *Lawrence,* 1 Pet. 582; *Moore* v. *Coffield,* 1 Dev. 247; *Dennie* v. *Walker,* 7 N. H. 199; *Anderson* v. *Drake,* 14 Johns. 114; *Putnam* v. *Sullivan,* 4 Mass. 45; *Widgery* v. *Munroe,* 6 Mass. 449; *Freeman* v. *Boynton,* 7 Mass. 483; *Boot* v. *Franklin,* 3 Johns. 207; *Miller* v. *Hennen,* 15 Martin, 587; *Lambert* v. *Ghiselin,* 9 How. 552; *M'Gruder* v. *Bank of Washington,* 9 Wheat. 598; *State Bank* v. *Hurd,* 12 Mass. 171; *Gilbert* v. *Dennis,* 3 Met. 495; *Duncan* v. *M'Cullough,* 4 S. & R. 480; *Taylor* v. *Snyder,* 3 Denio, 150; *Shed* v. *Brett,* 1 Pick. 414; *Chapman* v. *Lipscombe,* 1 Johns. 294; *Hepburn* v. *Toledano,* 10 Miller, 643.

*G. F. Hoar & I. W. Richardson,* for the defendant, cited *Remer* v. *Downer,* 23 Wend. 620, and cases there cited; *Peirce* v. *Pendar,* 5 Met. 352; *Wheeler* v. *Field,* 6 Met. 290; *Bank of Columbia* v. *Lawrence,* 1 Pet. 583; *Tindal* v. *Brown,* 1 T. R. 167; *Colt* v. *Barnard,* 18 Pick. 260; Story on Bills, § 352 *Granite Bank* v. *Ayers,* 16 Pick. 392; *M'Gruder* v. *Bank of Washington,* 9 Wheat. 598; *Taylor* v. *Snyder,* 3 Denio, 145

*Porter* v. *Judson*, 1 Gray, 177; *Massachusetts Bank* v. *Oliver*, 10 Cush. 559; *Phipps* v. *Chase*, 6 Met. 491; *Bank of Utica* v. *De Mott*, 13 Johns. 432; *Heylyn* v. *Adamson*, 2 Bur. 669; *Beveridge* v. *Burgis*, 3 Campb. 262.

MERRICK, J.   In determining the questions which arise upon the testimony reported in the bill of exceptions, it is conceded by the parties that it is in no respect subject to contradiction or denial, but is to be received and treated by the court as being in all particulars true, and as if it constituted an agreed statement of facts.   In this view of the case, it is obvious that the inquiry whether the holder of the note declared on used sufficient diligence to find, and to demand payment thereof of the maker, is a mere question of law.   *Wheeler* v. *Field*, 6 Met. 290.   At the trial it was held, that they did not; and a verdict was consequently rendered for the defendant.

He attempts to support this ruling, upon the ground that the plaintiff neither presented the note for payment, at maturity, at the maker's last place of abode in this state, nor used due and reasonable diligence to find it.   The general rule of law upon the subject is perfectly plain.   When the maker of a note has, before its maturity, become insolvent, and has absconded from the State and gone into parts unknown, there must be a presentment and demand of payment at his last place of business or of residence, or due and reasonable efforts to find them for that purpose, in order to fix the indorser and render his liability absolute.   Such demand will be sufficient if made at either of those places, if they were both left and abandoned at the same time; but if there be a difference in the time, it should be made at that which was the most recently occupied.   In such case, the holder is not required, as an essential preliminary to a claim upon the indorser, to resort to or inquire for the new residence to which the maker has gone beyond the State, into a foreign country.   *M' Gruder* v. *Bank of Washington*, 9 Wheat. 598.

At the maturity of the note declared on in this suit, it was placed by the plaintiffs, who were the holders and owners of it, in the hands of a notary public in Boston, for the purpose of demanding payment of it of the maker, and of giving notice to

the indorser in case it should be dishonored. It is not denied that he made a sufficiently formal demand of payment at the maker's last place of business; but none was made at his last place of abode. The officers of the bank knew where Cox, the indorser of the note, resided, but they did not give any information concerning it to the notary, who neither knew him nor made any inquiries of him in relation to the residence of the maker. If the maker had, at the maturity of the note, resided in Boston, or in the State, or at any place to which the holder would have been bound to resort to demand payment of him, and there was reason to suppose that the indorser had knowledge of such residence, the omission to inquire of him concerning it would have been a failure to use due diligence, and would have had the effect to discharge the indorser from his liability. *Porter* v. *Judson*, 1 Gray, 177.

But it appears distinctly that Downs, the maker of the note, when he failed in business some years before the maturity of the note, immediately left the State, giving up and abandoning both his place of business and his place of residence at the same time. He went customarily, according to the testimony of Ball, to his place of business, " up to the very last." After that he had no place of residence in the State. His family remained at a boarding-house in Malden two or three months afterwards; but that is immaterial, since he himself wholly ceased personally to reside in this state when he left the occupancy of his store in Boston. It does not appear under what circumstances they removed, or whether he made any provision for their support. It was sufficient, therefore, in order to charge the indorser, to make a demand upon him at the store where his business had been pursued up to the last of his continuance in the State. It was unnecessary to present the note for payment at his former place of residence; because that was given up and forsaken simultaneously with his place of business. And as it was for this reason unnecessary to present or demand payment of the note at his dwelling-house or place of residence, there was no occasion for the holders, or the notary who acted in their behalf, to make any inquiry concerning it; and the omission on their

part to do so could not be considered a failure in the diligence required in order to charge the indorser. Nothing more was requisite for that purpose, under the circumstances disclosed, than that payment should be demanded in the maker's last place of business in Boston. The ruling that this was insufficient must be therefore held to have been erroneous.

The defendant further contended that as the note was transferred and had become the property of the plaintiffs after the maker had failed and left the State, it devolved upon them, in order to establish a claim for the payment of it against the indorser, to institute inquiries concerning his new place of residence beyond the limits of the State, and to use suitable diligence in attempting to discover it. But the law has prescribed no such rule, and of course they were subject to no such duty. Whether there may not be, as was suggested by Mr. Justice Wilde in the case of *Wheeler* v. *Field,* 6 Met. 295, exceptions to this rule, as where the maker, in leaving the State and commencing a new residence in another, is still in the immediate vicinity of his old domicil, need not now be considered, since there is nothing in this case to show that there could be any application of such an exception, or that Downs, when he left Boston, did not go into the most distant portion of the country, or at least into a place wholly unknown to any of his former acquaintance.                                   *Exceptions sustained.*