PLATT ADAMS *v.* SIMEON LELAND, and others.

When a promissory note is not made payable at any particular place, gene-
rally, in order to charge the endorser, payment must be demanded of the
maker, at his place of residence or business. Yet there are various
exceptions to this rule.

If the maker has no known residence or place, the holder will be excused
from making any demand whatever. So, if in the intermediate period
between the time when the note was made, and when it becomes due, the
maker has removed his domicil or place of business to another state, the
holder will be excused for non-presentment for payment, and will be enti-
tled to the same recourse against the endorsers as if there had been a due
presentment.

It will, in such a case, be sufficient to present the note at the maker's
former residence or place of business.

Where the makers had, since the making of the note, removed their place
of business, unknown to the holder, and on inquiry at the former place
of business, the holder was referred to the agent of the makers, who
informed him that they were " out west:" *Held*, that this was equivalent
to saying they were out of the state; and that due diligence had been
used by the holder to ascertain where to demand payment.

*Appeal from a Judgment of the Superior Court of the City of New York.*

THE defendants were sued as endorsers of a promissory
note as follows:

" $6,000.                    "NEW YORK, *February* 12, 1857.

" On the 20th June next, without grace, we promise, to
pay to James Moore, or order, six thousand dollars, for
valued received, with interest, at the rate of seven per
cent. per annum; having deposited with J. Thompson, as
collateral security, with authority to sell the same at the
broker's board, or at public or private sale, or otherwise,
at his option, on the non-performance of this promise,
and without notice, nine thousand five hundred dollars,
bonds of the Sciota and Hocking Valley Railroad Company.
                    "SEYMOUR, MOORE & Co."

The making of the note by the firm of Seymour, Moore
& Co., and the endorsement thereof by the defendants,

was proved. At its maturity, it was held by John Thompson, and in August, 1857, was duly assigned to the plaintiff.

The only question in the case was, whether payment of the note was properly demanded of the makers.

The proof showed that at the date of the note, the place of business of the firm of Seymour, Moore & Co., the makers, was at No. 110 Broadway, New York, over the Metropolitan Bank. They had an office there. When the note became due, it was given by Thompson, the holder, to a notary to protest. The notary called at 110 Broadway, and found the name of "Seymour, Morton & Co." over the door, and understood from a man in the office that they were the successors of the firm of Seymour, Moore & Co. He demanded payment thereon, which was refused. The person in attendance told him that that had been the office of Seymour, Moore & Co., and referred him to a Mr. Lincoln, No. 54 William street. He declined paying the note, saying he had no money. The notary went to No. 54 William street; saw Lincoln; told him he understood he was the agent of Seymour, Moore & Co.; he said he knew nothing about the note, and refused to pay it. The notary inquired of him if he knew where they were. He said he supposed they were out west. He professed to know, but declined to give the notary much information about the firm.

At the close of the case, the defendants' counsel moved to dismiss the complaint, on the ground that the plaintiff had failed to prove a demand on the makers at the maturity of the note. Which motion was denied, and the defendants excepted.

The plaintiff had a verdict; and judgment being entered, on appeal to the general term, the same was affirmed. The defendants bring this appeal; no counsel appears for them.

*E. Moore*, for the respondent.

WRIGHT, J. I am of the opinion that the non-suit was properly denied. The note was dated at New York, and

the place of business of the makers when it was given, was at No. 110 Broadway. It seems that when payable (and unknown to the holder), the firm of Seymour, Moore & Co. (the makers), had been dissolved, and a new firm (Seymour, Morton & Co.), had succeeded them in business at the same place. There was a person in attendance in the office from whom the notary demanded payment, but who refused to pay, saying he had no money, and referred him to a Mr. Lincoln, an agent of the makers, at No. 54 William street. The notary went to No. 54 William street, and saw Lincoln, who did not dispute his agency or connection with the makers, but knew nothing about the note, and refused to pay it. Upon being inquired of, if he knew where the makers were, he said he supposed they were " out west."

When a promissory note is not made payable at any particular place, generally, in order to charge the endorser, payment must be demanded of the maker at his place of residence or business. Yet there are various exceptions to this rule. If the maker has no known residence or place, the holder will be excused from making any demand whatever. So, if in the intermediate period between the time when the note was made and when it becomes due, the maker has removed his domicil or place of business to another state, the holder will be excused for non-presentment for payment, and will be entitled to the same recourse against the endorsers, as if there had been a due presentment. It will in such case, be sufficient to present the note at his former residence or place of business. (*McGruder* v. *The Bank of Washington*, 9 Wheaton, 598; *Taylor* v. *Snyder*, 3 Denio, 145.)

In this case, the residence of the makers, when this note was made, was in the city of New York, and their place of business at No. 110 Broadway. The note was presented for payment there. It was found that they had removed, and been succeeded in business by another firm. The notary was referred by their successors to a Mr. Lincoln,

their agent, for information as to the note and the where-abouts of the makers. Lincoln did not dispute his agency, or connection with them, but knew nothing about the note. He said he supposed they were " out west." The common understanding of the phrase is, " in the Western states," it means out of this state.

Not finding the makers of the note, or any one of them, at No. 110 Broadway, the place. of business of the firm when the note was made, the question is whether due dili-gence was used to ascertain where to demand. . The makers had removed their place of business, unknown to the holder of the paper; and, on inquiry of their agent, the notary was informed by him they were " out west." This was equivalent to saying. that they were out of the state. This, I think, was sufficient. (*Foster* v. *Julien*, 24 N. Y. R. 28.) When the maker of a note has removed into another state, subsequent to the making of the note, the holder need not follow him to make a demand; but it is sufficient to present the. note at his former place of residence or business. Indeed, in such case, the holder is excused from making a demand. The judgment should be affirmed.

All the judges concurred, except INGRAHAM, J., who read an opinion in favor of reversal.

Judgment affirmed.