T. G. SALISBURY and others *vs.* CHARLES J. BARTLESON, impleaded, etc.

## November 12, 1888.

Appeal—Finding inconsistent with Pleading—Presumption.—Where the court below finds a fact not pleaded, it will be presumed, if the record do not show the contrary, that the parties at the trial waived the objection to the want of pleading.

Negotiable Instrument—Presentment for Payment—When Excused. A note was made in Minneapolis, this state, no place of payment being fixed. At the time of the making the payee resided there; the maker then resided in Wisconsin. The payee indorsed the note, the indorsee then doing business in Minneapolis, and knowing that the maker, at the time of making the note, and then, resided in Wisconsin. Before the note became due the maker (without the knowledge of the holder) removed from Wisconsin, and became a resident of Minneapolis. *Held,* that this excused demand for payment of the note, so as to charge the indorser.

Appeal by defendant Bartleson, (impleaded with Henry C. Brackett,) from a judgment of the municipal court of Minneapolis, in an action on the note described in the opinion.

*James W. Griffin*, for appellant.

*Allen & Shearer*, for respondents.

GILFILLAN, C. J. The defendant Brackett, at Minneapolis, in this state, on February 28, 1887, executed his promissory note, payable

in 90 days, to the order of the defendant Bartleson, (no place of payment being stated,) who thereupon indorsed it to plaintiffs. At the making of the note, and ever since, Bartleson resided, and plaintiffs' place of business was, in Minneapolis. At that time Brackett resided at River Falls, Wis., which fact was known to the indorsees. When the note came due he had left River Falls, and become a resident of Minneapolis; but it is not found that this was known to them. No attempt was made to present the note for payment at River Falls, nor anywhere else, except at Minneapolis. An effort to present it at the latter place failed; the notary public in whose hands it was placed for the purpose being unable, after due diligence, to find the place of business or residence of the maker in that city. He, however, presented it at various places, and protested it, and duly gave the indorser notice. The note was never presented for payment. The most that the facts found can be claimed to show is an excuse for not presenting it. The allegation in the complaint being that the note was duly presented, evidence of facts to excuse presentment could not be given under it, if objected to in time. But such facts are found by the court; there is no case or bill of exceptions showing any objection to the evidence; and, as the parties might waive the objection that the facts were not pleaded, it is to be presumed (to avoid presuming error by the court below) that the objection was waived. The case must be decided on the facts as found.

To the general rule that, in order to charge an indorser of a promissory note, payment must be demanded of the maker, either personally or at his residence or place of business, there are several exceptions, all based on the presumption that, under the facts constituting such exception, the holder, after all due diligence, will find it impracticable to make such a demand. One of these exceptions is where the maker removes from the state where he resides at the making of the note, and takes up a permanent residence elsewhere; in which case the holder need not follow him to make demand, but it is sufficient to present the note for payment at the former place of residence of the owner. *McGruder* v. *Bank of Washington*, 9 Wheat. 598; *Taylor* v. *Snyder*, 3 Denio, 145, (45 Am. Dec. 457;) *Gist* v. *Lybrand*, 3 Ohio, 307, (17 Am. Dec. 595;) *Foster* v. *Julien*, 24 N. Y. 28; *Adams*

v. *Leland*, 30 N. Y. 309; *Herrick* v. *Baldwin*, 17 Minn. 183, (209.) We can see no reason why it should make any difference in the exception that the maker resided at the time of the making in another state than that in which the note was made, or in which the original payee resided; nor, the question being one of diligence, can it make any difference that the maker, removing from the state of his residence at the time of the making, comes to reside permanently in the state where the note was made, or where the holder resides, unless the fact be known to the latter. Within the exception referred to, the presenting the note at the former place of residence of the maker would be a sufficient demand. Under those circumstances, the holder may, if he choose, make a demand in that manner, or he may omit the demand altogether. It cannot be presumed that a demand at the maker's former place of abode would be of any avail, and the law does not require one to do a useless and ineffectual thing. The condition of things presented by this case made an excuse for non-presentment. See cases cited *supra*.

Judgment affirmed.