# Cases Argued and Determined

IN THE

# SUPREME COURT

OF THE

# State of South Dakota.

---

## CITIZENS' NAT. BANK v. GREAT WESTERN ELEVATOR CO.

1. Under Rev. St. U. S. § 5169, authorizing the comptroller of the currency to issue a certificate to an association lawfully entitled to commence a banking business, that such association has complied with all the provisions required by law before commencing such business, and that it is authorized to commence business, such certificate is conclusive evidence of the incorporation of the association to which it is issued.

2. A complainant designating itself as the "Citizens' National Bank," instead of "Citizens' National Bank of Watertown," under which title it was incorporated, is not prevented from maintaining its suit where it sufficiently appears that the complainant was the bank to which the certificate of incorporation was issued.

3. Where, at the maturity of a note for the payment of which warehouse receipts for grain were pledged, the warehouse was closed without any person being in charge on whom demand could be made, and it not being shown that defendant had any other warehouse in the state at which

a demand could be made, the pledgee, in an action on such receipt. need not show a demand for the grain, or a tender of the storage charges.

4. A pledgee of warehouse receipts may sue on them in his own name, accounting to the pledgor for any amount he may recover.

(Opinion filed March 2, 1900.)

Appeal from circuit court court, Codington county. Hon. J. O. ANDREWS and Hon. A. W. CAMPBELL, Judges.

Action by the Citizens' National Bank of Watertown against the Great Western Elevator Company to recover upon certain warehouse receipts. From a judgment for plaintiff, defendant appeals. Affirmed.

*Van Fossen & Frost, Lee Stover* and *C. X. Seward* for appellant.
*M. E. Sheldon,* for respondent.

CORSON, J. This action is instituted by the Citizens' National Bank to recover of the defendant the sum of $316, claimed to be due upon warehouse receipts assigned to the plaintiff. Verdict and judgment for the plaintiff, and the defendant appeals.

The defendant, in its answer, interposed four defenses: (1) That the plaintiff was not a corporation; (2) that the warehouse receipts were fraudulently issued by an agent of the defendant, and that, consequently. the defendant was not liable thereon; (3) that no proper demand for the wheat represented by the warehouse receipts is shown by the evidence to have been made, nor was there any tender of storage charges; (4) that the respondent is simply a pledgee of the warehouse receipts, and cannot, therefore, maintain this action.

Appellant contends that the respondent wholly failed to prove its corporate existence, as alleged in the complaint here-

in, for two reasons:   (1) Because there was no competent evidence offered tending to show that the respondent had any corporate existence whatever; and (2) because there was no competent evidence offered tending to show the existence of a corporation known as the "Citizens' National Bank."   To prove its incorporation, the plaintiff offered in evidence a certificate of the comptroller of the currency, which reads as follows:  · "Office of the Comptroller of the Currency, Treasury Department, Washington, June 8th, 1885.   Whereas, by satisfactory evidence presented to the undersigned, it has been made to appear that the 'Citizens' National Bank of Watertown,' in the city of Watertown, in Codington county, and Territory of South Dakota, has complied with all the provisions of the Revised Statutes of the United States required to be complied with before the association shall be authorized to commence the business of banking: Now, therefore, I, Henry W. Cannon, comptroller of the currency, do hereby certify that the 'Citizens' National Bank of Watertown,' in the city of Watertown, in the county of Codington, and Territory of Dakota, is authorized to commence the business of banking as provided in section fifty-one hundred and sixty-nine of the Revised Statutes of the United States.   In testimony whereof, witness my hand and seal of office this 8th day of June, 1885.   H. W. Cannon, Comptroller of Currency.   [Seal of the Comptroller of the Currency, Currency Bureau, Treasury Department.]   No. 3,349."   Defendant objected to the same as not being in form or in accordance with Section 885 of the Revised Statutes of the United States, and further made objection that the instrument on its face does not purport to be the articles of incorporation of the plaintiff in the present action.   Objection was overruled, and exception taken.

Section 885, referred to, reads as follows: "Copies of the organization certificate of any national banking association, duly certified by the comptroller of the currency, and authenticated by his seal of office, shall be evidence in all courts and places within the jurisdiction of the United States of the existence of the association, and of every matter which could be proved by the production of the original certificate." In this case the certificate offered was the original certificate issued to the bank and consequently there was no necessity for the introduction of any copy of any such certificate. Certainly, the original was the best evidence of the incorporation and organization of the bank. Section 5169 of the Revised Statutes of the United States provides as follows: "If, upon a careful examination of the facts so reported, and of any other facts which may come to the knowledge of the comptroller, * * * it appears that such association is lawfully entitled to commence the business of banking, the comptroller shall give to such association a certificate, under his hand and official seal, that such association has complied with all the provisions required to be complied with before commencing the business of banking, and that such association is authorized to commence such business." The certificate of the comptroller of the currency, therefore, was one which he was authorized to make under the section above quoted, and constitutes conclusive evidence that all the acts required to be done as conditions precedent to the right of the association to do a banking business had been done and performed. Quinlan v. Railroad Co., 89 Tex. 356, 34 S. W. 738.

The second objection—that the words "of Watertown" are not contained in the name of the bank as given in the com-

plaint—does not constitute a fatal objection to the complaint. It is set forth in the complaint that the plaintiff had been, and now is, a corporation duly created and existing under and by virtue of the laws of the United States relating to national banks, with its main office and place of business at the city "of Watertown," S. D. Mr. Morris, cashier of the bank, testified as follows: "I have in my possession a certificate of the comptroller of the currency authorizing us to do business as a corporation." We are of the opinion that it sufficiently appears from the testimony of the cashier, which was admitted without objection; that the plaintiff bank is the one to which the certificate was given by the comptroller of the currency, and that the failure of the plaintiff in its title to designate itself as the "Citizens' National Bank of Watertown," will not prevent the plaintiff from maintaining this action. These views lead to the conclusion that the court committed no error in admitting the comptroller's certificate in evidence, and in holding that it constituted sufficient proof that the plaintiff was duly organized, and authorized to do a banking business.

The second point made—that the warehouse receipts which formed the basis of plaintiff's claim were fraudulently issued by one of its agents, and were, therefore, not binding upon the defendant—has been fully considered in the case of Fletcher v. Elevator Co. 12 S. D. 643 82 N. W. 184, in which it was held that such warehouse receipts were valid, and binding upon the corporation, and need not be further considered.

It is further contended on the part of the appellant that no proper demand for the wheat represented by the warehouse receipts is shown by the evidence, and that there was no proof of any tender of storage charges. The warehouse at which

the warehouse receipts in this action were issued, was situated at Gardiner, in this state. At the time of the maturity of the note for the payment of which these warehouse receipts were pledged as security, the elevator or warehouse at Gardiner was closed. We are of the opinion that the warehouse being closed, and there being no person in charge of the same on whom a demand could be made, and it not being shown that the defendant had any other elevator in this state, at which a demand could be made, of which the plaintiff had knowledge, it was not necessary for the plaintiff to show any other or further demand. This is the rule applicable to the presentment of promissory notes made payable at a particular bank, and we see no reason why the same rule should not be applied to warehouse receipts. McGruder v. Bank, 9 Wheat. 598, 6 L. Ed. 170. See Daniel Neg. Inst. (4th Ed.) § 1119, and cases cited. Under this view of the case it is not necessary to decide whether or not the alleged demand made on the elevator company at Minneapolis, Minn., was properly admitted.

And, lastly, it is contended by the appellant that the respondent, though indorsee of the warehouse receipts, was in fact only a pledgee of the same, and cannot, therefore, maintain this action. This contention is not tenable. Section 9, Chap. 99, Laws 1890, provides: "On the return of any warehouse receipt properly indorsed, * * * such grain, or an equal quantity of the same grade, shall be immediately delivered to the holder of such receipt as rapidly as due diligence, care and prudence will justify." Section 17 of the same chapter provides: "No person, association, firm or corporation, doing a grain warehouse or grain elevator business in this state, having issued a receipt for the storage of grain,

* * *  shall thereafter be permitted to deny that the grain represented thereby is the property of the person to whom such receipt was issued, or his assigns thereof, and such receipt shall be deemed and held * * * conclusive evidence of the fact that the party to whom the same was issued or his assigns thereof, is the owner of such grain, and is the person entitled to make surrender of such receipt and receive the grain thereby promised to be delivered." But, independently of the statute, the defendant, not being either pledgor or pledgee, is not concerned in the transaction between them. Every person holding collateral security has the right to use it in whatever lawful way he can make it the most effectual as a security. If the transfer is a pledge, the pledgor is the only person who has a pledgor's right to redeem, or who can object to the plaintiffs recovering the value of the property. Insurance Co. v. Healey (Sup.) 49 N. Y. Supp. 29. The plaintiff, being the assignee or indorsee of these warehouse receipts, is entitled to maintain an action upon them in its own name, accounting, of course, to the pledgor for any amount it may recover. The judgment of the court below is affirmed.