*A. M. Lyman, pro se.*
*C. M. Reed,* for the defendant.

---

AMOS STONE & others *vs.* COMMONWEALTH.
JOSEPH STONE & others *vs.* SAME.

Suffolk.     March 14, 1902. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Damages*, For property taken under statutory authority. *Evidence*, Declarations of deceased persons, Competency, Admission. *Practice, Civil,* Conduct of trial. *Discretion of Court.*

In the assessment of damages for land and flats taken under statutory authority, the presiding judge may in his discretion admit evidence of what a substantial

sea wall on the premises is worth by the running foot, the jury being instructed that the market value of the property taken is the thing ultimately to be arrived at.

In the assessment of damages for land and flats including a wharf taken under statutory authority in 1893 and 1895, evidence may be admitted under St. 1898, c. 535, of a declaration of a deceased lessee of the wharf who occupied it from 1856 to 1882, that it would be safe to guarantee from eighteen to twenty feet of water there at flood tide. In view of the lessee's long use of the wharf his statement fairly might be taken to import that as a result of experience he had found there the depth of water stated, and the court could not say that the time referred to was too remote.

At a trial for the assessment of damages for land and flats including a wharf and berth for vessels taken by the Commonwealth under a statute and for damage to the petitioners' remaining land not taken, the Commonwealth contended that a new berth for vessels could be made by dredging and the damage to the remaining land thus diminished. To which the petitioners replied that they did not own the flats that would have to be dredged. In order to show that the petitioners had a right to dredge the flats, the Commonwealth offered in evidence a finding of a single justice of this court, in another case, to which the petitioners were parties and the Commonwealth was not a party, tending to show that the petitioners possibly had some title to the flats to be dredged. This was excluded. The Commonwealth also offered, for the same purpose, to show that the counsel who acted in the other case for some of the petitioners in this case argued and tried to prove in the other case that the flats to be dredged belonged to those petitioners. This also was excluded. *Held*, that the exclusions were right. *Whether*, the petitioners had in fact a right to dredge the flats required for the new berth, *quære.*

It is within the discretion of a presiding judge to regulate the reading of books to the jury, and this discretion was exercised properly in refusing to allow counsel in this case to read to the jury from the decision in *Stone* v. *Stone*, 179 Mass. 555.

TWO PETITIONS, filed April 1, 1895, and June 30, 1890, for the assessment of damages for land and flats including a wharf and berth for vessels, taken in behalf of the Commonwealth by the metropolitan sewerage commissioners under St. 1889, c. 439, and St. 1890, c. 270, on June 24, 1893, and July 13, 1895, and for damage to the petitioners' remaining land not taken.

The petitioners were the same or in the same interest in both cases, the second petition relating to the taking of an additional parcel of land and flats adjoining the first taking.

At the trial in the Superior Court before *Richardson*, J., the jury returned verdicts for the petitioners, upon the first petition in the sum of $24,065.64 and upon the second petition in the sum of $8,021.27 ; and the respondent alleged exceptions.

*F. T. Hammond*, for the respondent.

*T. Hunt*, for the petitioners.

HOLMES, C. J. These are petitions for the assessment of damages for land taken under St. 1889, c. 439, and St. 1890, c. 270. The cases come here on exceptions taken by the Commonwealth.

1. The property taken is part of that shown on the plans in *Stone* v. *Stone*, 179 Mass. 555, 564, and adjoins Malden bridge. It consisted of land and flats used for a wharf and berth for vessels, and was bordered by a substantial sea wall. The first exception is to the admission of evidence of what this wall was worth by the running foot. If the presiding justice had thought the evidence uninstructive and had excluded it, as in *Patch* v. *Boston*, 146 Mass. 52, 56, we should have been slow to revise the exercise of his discretion, but so far as we can judge he was right in thinking that it might be of some assistance to the jury, as in *Pierce* v. *Boston*, 164 Mass. 92, 97. He instructed the jury properly that market value was the thing ultimately to be arrived at. See *Allen* v. *Boston*, 137 Mass. 319, 321.

2. With regard to the depth of the water alongside the wharf, a witness was allowed to state that one Jotham Barry had told him that it would be safe to guarantee from eighteen to twenty feet of water there at flood tide. Barry had been lessee of the wharf from 1856 to 1882, and was dead. The evidence was let in under St. 1898, c. 535. It was excepted to, and is said to have been inadmissible because matter of opinion not fact, and because it referred to a time too long before the taking. But in view of Barry's relations to the wharf his statement fairly might be taken to import that he had found from eighteen to twenty feet at flood tide. In a matter like this, prophecy is only history inverted. We have no ground for saying that the statement referred to too remote a time.

3. On the question of damage to the remaining property not taken, the respondent contended that a new berth for vessels could be made by dredging. The petitioners replied that they did not own the flats that would have to be dredged, and this was in controversy. " As bearing upon the effect of the taking upon the remaining land," the respondent offered in evidence the finding of a single justice of this court, more or less in favor of the petitioners' title, in the case of *Stone* v. *Stone*, 179 Mass. 555. The offer, it will be observed, was of a finding, not of a

final decree, and of a finding in a case to which the respondent was not a party. *Boston Blower Co.* v. *Brown,* 149 Mass. 421, 424. *Barney* v. *Tourtellotte,* 138 Mass. 106, 107. *Davis* v. *Wood,* 1 Wheat. 6. 2 Taylor, Ev. (9th ed.) § 1682. In this court it is not contended that the decision was evidence of the fact found, but it is said that the fact of such a finding would affect the value of the remaining land. No doubt such an opinion with regard to the title would affect the value of land, but it is not the accepted mode of proving it.

4. As bearing upon the same question, an offer was made to prove that the lawyer who acted in *Stone* v. *Stone* for some of the present petitioners argued and tried to prove in that case that the flats last mentioned belonged to the petitioners. The exclusion of this evidence was proper. *Wilkins* v. *Stidger,* 22 Cal. 231, 238. *Elting* v. *Scott,* 2 Johns. 157, 162. See Langdell, Eq. Pl. (2d ed.) §§ 33, 34; *Wood* v. *Graves,* 144 Mass. 365.

5. The judge was warranted at least in refusing to allow counsel to read from the decision in *Stone* v. *Stone* to the jury. See *Commonwealth* v. *Austin,* 7 Gray, 51; *Commonwealth* v. *Hill,* 145 Mass. 305, 309.

6. The flats in question where the new berth would be dredged out were on the Everett side of the Penny Ferry property shown on the above mentioned plans, and the deeds upon which the petitioners' title depended were those before the court in *Stone* v. *Stone.* The petitioners asked for rulings denying their right to dredge and the respondent for rulings affirming it. The judge instructed the jury that so far as the boundaries were given no conveyance of flats on the Everett side of the line appeared; but he allowed and somewhat encouraged the jury to find that the petitioners had such rights as would warrant their dredging out the berth. The title by deed depends upon what was conveyed by the supplementary deed of the city of Charlestown to Gary, dated December 19, 1854, discussed in *Stone* v. *Stone.* It cannot be ruled as matter of law that a quitclaim of right, title and interest in flats, if any there be, which formerly belonged to the Penny Ferry, without covenants, found any flats at the material point to operate upon. The instruction was sufficiently favorable for the respondent.

*Exceptions overruled.*