ALMA BREDOW *vs.* NICHOLAS WOLL.

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 28th—decided March 31st, 1930.

*Clayton L. Klein,* with whom, on the brief, was *Joseph E. Talbot,* for the appellant (defendant).

*Albert W. Hummel* and *George H. Lynch,* with whom, on the brief, was *Emil Hummel,* for the appellee (plaintiff).

BANKS, J. This is an action upon a demand note given by the maker, Bohm, to the defendant and by him indorsed to the plaintiff. Upon a former appeal (*Bredow* v. *Woll,* 108 Conn. 489, 143 Atl. 849) it appeared from the evidence offered by the plaintiff that on October 17th, 1923, she presented the note for payment to Bohm who told her that he would pay it the following Monday, October 22d; that on that day the plaintiff went to Bohm's place of business to collect the note, and found that he had left for parts unknown the previous day, and that she thereupon, on the same day, notified the defendant that she had presented the note for payment to Bohm and that he had made default of payment, and demanded payment of the defendant. Upon these facts we held that the note was dishonored when it was not paid upon presentment on October 17th, and that notice of the dishonor was not given to the defendant within the time required by the Negotiable Instruments Act. Upon the retrial of the case the plaintiff changed her testimony, and offered evidence to prove that on October 17th she went to the maker's place of business and told him she wished the note paid on November 1st, that he told her she need not wait till then but that he would pay it on October 22d, that she went to his place of business on October 22d and found that he

had left for parts unknown the previous day, and that she thereupon, on the same day, notified the defendant that Bohm had gone and that she was looking to the defendant for the payment of the note. The defendant appeals from the denial of his motion to set aside the verdict in favor of the plaintiff, and also assigns errors in the charge of the court and in certain rulings upon evidence.

The situation arising out of the change in the plaintiff's testimony enters into the assignments of error on all three grounds. It having appeared that the plaintiff, on the previous trial, had testified that she presented the note to Bohm for payment on October 17th, that on her direct examination in this trial she had testified that she had not demanded payment on that day, and that then upon cross-examination she again testified that she presented the note to Bohm for payment on October 17th, she was permitted to testify upon her redirect examination that she did not understand the significance of the words "presented for payment," and the defendant duly excepted to the ruling. He also claims to be aggrieved because the court in its charge emphasized the change in the testimony of the plaintiff, and instructed the jury that she might recover notwithstanding her previous inconsistent statements, and further claims that, in view of her testimony upon the previous trial and her conflicting statements upon this trial, the jury could not reasonably find that the note was not dishonored on October 17th. The defendant has no cause to complain of this portion of the court's charge. It called attention to the contradiction between her evidence given upon the two trials, very pointedly commented on the fact that if she had repeated her original story of the affair she would not be entitled to recover, and told the jury that if she had falsified on one occasion

or the other they might reject her whole testimony as unworthy of belief.

The ruling on evidence was well within the discretion of the court. Every witness has a natural right to explain and make clear the evidence he has given. *Dennehy* v. *O'Connell*, 66 Conn. 175, 181, 33 Atl. 920. Courts have not always agreed as to what acts constitute presentment for payment, and a lay witness could hardly be expected to understand the term. The important question was what the plaintiff said and did on that occasion, and that the court proceeded to develop by its own inquiries of the witness. What credence they should give to her evidence was for the jury to determine, and we cannot say that they could not reasonably have believed her final version given in answer to the questions of the court.

Even so, the defendant says, the verdict cannot stand since he claims that upon the plaintiff's own evidence, no presentment was made to Bohm who was absent when the plaintiff went to his place of business on October 22d, and that the court erred in charging the jury that the plaintiff might recover if they found she presented the note on October 22d at Bohm's last place of business, and that he had left for parts unknown. The law does not require that presentment must necesarily in all cases be made by a personal demand upon the maker of the note. The statute (General Statutes, § 4430) provides that "presentment for payment, to be sufficient, must be made . . . to the person primarily liable on the instrument, or, if he is absent or inaccessible, to any person found at the place where the presentment is made," and, (General Statutes, § 4440) that "presentment for payment is dispensed with: (1) Where after the exercise of reasonable diligence presentment as required by this chapter cannot be made." It has been held by

high authority that presentment at the maker's place of business during business hours, though there is no one there to answer and the place is closed, is sufficient presentment to bind the indorser. *Wiseman* v. *Chiappella*, 64 U. S. (23 How.) 368; 8 Corpus Juris, p. 550, § 770; 2 Daniels on Negotiable Instruments (6th Ed.) § 1118. Many authorities hold that if the maker has absconded and gone to parts unknown presentment is wholly excused. *Leonard* v. *Olson*, 99 Iowa, 162, 68 N. W. 677, 35 L. R. A. 381; *M'Gruder* v. *Bank of Washington*, 22 U. S. (9 Wheat.) 598; 3 R. C. L. 1181; 8 Corpus Juris, p. 684, § 960. In other jurisdictions it is held that in such case presentment must be made at the last known place of business or residence of the maker. *Grafton Bank* v. *Cox*, 79 Mass. (13 Gray) 503; *Pierce* v. *Cate*, 66 Mass. (12 Cush.) 190, 192; 2 Daniels on Negotiable Instruments (6th Ed.) § 1145; Bigelow on Bills & Notes (3d Ed.) § 345. In such case it is the personal demand upon the maker which is excused because of his absence, and the presentment made at his last known place of business constitutes a legal presentment. If it be conceded that, as claimed by the defendant, the plaintiff proved, not actual presentment but merely facts which excused presentment, the result will be the same. We have held, in accordance with the weight of authority elsewhere, that an allegation of actual presentment is supported by proof of facts showing that presentment is dispensed with. *Windham Bank* v. *Norton, Converse & Co.*, 22 Conn. 213, 219; 8 Corpus Juris, p. 907, § 1190, p. 977, § 1285. In either aspect of the case the court presented the essential facts to the jury in a way so that they could not be misled as to the legal effect of the acts claimed.

The defendant complains because the court failed to charge the jury in the terms of the several sections of

the Negotiable Instruments Act. No requests to charge were filed, and the charge. as given correctly and adequately instructed the jury as to the law applicable to the facts of the case.

The appellant offered in evidence a portion of the brief filed by the appellee in this court upon the former appeal, claiming that it was analogous to a pleading. filed by the party to a cause. The court correctly ruled that it was inadmissible. Such brief is merely a written argument containing the claims made upon the appeal record for the purpose of disposing of the particular matter then before the court, which cannot be regarded as admissions of the truth of the facts stated. *Wood* v. *Graves,* 144 Mass. 365, 370, 11 N. E. 567; *Stone* v. *Commonwealth,* 181 Mass. 438, 441, 63 N. E. 1074; *Cadigan* v. *Crabtree,* 192 Mass. 233, 78 N. E. 412; *M'Lugham* v. *Bovard,* 4 Watts (Pa.) 308, 313.

The ruling limiting the purpose for which the receipt, given by the plaintiff at the time of the indorsement of the note, could be received in evidence, was clearly right, as was also the charge of the court that there was no evidence to support the defendant's first special defense. The evidence certified does not require any material correction in the finding.

There is no error.

In this opinion the other judges concurred.