## NIAGARA DISTRICT BANK *vs.* THE FAIRMAN & WILLARD MACHINE TOOL MANUFACTURING COMPANY.

A bill of exchange addressed to the drawees at the town or city in which they reside, may be accepted payable at some particular bank or place within the limits of such town or city.

But an acceptance, making the bill payable at *a different place* from that in which the drawee resides, is a material departure from the tenor of the bill; and a presentment of the bill for payment at the place where it is by the acceptance made payable, will not be sufficient to charge the drawers.

THIS was an appeal from a judgment ordered at a special term, after a trial at the circuit by the court, without a jury. The action was brought against the defendant, which is a manufacturing corporation, incorporated under the general manufacturing law of this state, as the drawer of a bill of exchange, drawn upon the firm of A. Yerrington & Co. The defendant had its place of business in the city of Rochester. A. Yerrington & Co. resided at Cobourg, in Upper Canada. The draft was drawn by J. W. Bissell, describing himself as treasurer of the defendant, payable to the order of himself, upon A. Yerrington & Co., and addressed to them at Cobourg. The draft was accepted by Yerrington & Co., payable at the bank of Upper Canada, Port Hope. The draft was presented for payment at the Bank of Upper Canada, in Port Hope. No notice of non-payment was given to the defendant, but a notice was addressed by the notary, by mail, to "J. W. Bissell, Esq., Rochester, N. Y." There was no evi-

404      CASES IN THE SUPREME COURT.

Niagara District Bank *v.* Fairman &c. Tool Manuf. Co.

dence, on the trial, of any other presentment or notice of non-payment to charge the defendant; nor was there any evidence to show that the notice addressed to Bissell ever came to the knowledge of the defendant. The judge before whom the cause was tried having rendered a judgment for the plaintiff, the defendant excepted and appealed to the general term.

*S. Mathews,* for the appellant.

*G. F. Danforth,* for the plaintiff.

*By the Court,* E. DARWIN SMITH, J. The acceptance of the draft in this case by the drawees, by writing their copartnership name upon it, was a proper acceptance according to the terms of the bill. Upon this acceptance the holders would have been bound to present the bill for payment to the acceptors, at their place of residence at Cobourg. But this acceptance is of no avail to the plaintiff, for it is not pretended that it was at all acted upon by presentment at that place, or protested for non-payment upon personal demand of the acceptors at their place of residence.

The rights of the parties, therefore, depend entirely upon the question whether the acceptance of the bill, also indorsed thereon by the drawees in the words following, "*Accepted and payable at the Bank of Upper Canada, Port Hope,*" is a valid acceptance, so as to dispense with a personal demand of the drawees at their place of residence. There is no proof in the case showing the relative distance of Port Hope from Cobourg, the place of residence of the acceptors, and though the court may not be bound to take judicial notice of the political divisions of foreign countries, we must know that *Port Hope* and *Cobourg* are two distinct places, and must necessarily consider that the place where this bill was made payable by this special acceptance thereof, was not the place of residence of the acceptors.

If the Bank of Upper Canada, where this bill was made

payable by the acceptors, was located in the same city, or town, or village where such acceptors resided, according to the case of the *Troy City Bank* v. *Lauman*, (19 *N. Y. Rep.* 477,) the acceptance payable at such a bank would have been entirely proper. Such acceptance is not a departure from the tenor of the bill. It merely fixes a place of payment for the mutual convenience of the acceptors and the holder, and can work no possible injury to the drawer or indorsers as it will not affect the *time* for the presentment of the bill to, or for the service of notice of non-payment on the parties entitled to such notice.

But an acceptance of a bill at a different *place* from that of the residence of the drawee, by necessary implication from this case of the *Troy City Bank* v. *Lauman*, must be a material departure from the bill. This must be so upon principle. The acceptance becomes a part of the bill, and any material variance from the tenor and import of the bill, made in the terms or manner of the acceptance, taken or assented to by the holder, must be at his own risk and must discharge the drawer, if due presentment is not afterwards made at the proper place and due notice given of the non-payment of the bill. This was the principle asserted in the case of *Woodworth* v. *The Bank of America*, (19 *John.* 391,) where a promissory note was made, dated at Albany and indorsed in blank. After the indorsement of the note a memorandum was written on the margin, "payable at the Bank of America." This was held to be a material alteration of the bill, because it made it payable at a *different place* from the residence of the maker, and dispensed with a personal demand upon him for payment and extended the time for the receipt of a notice of the dishonor of the note. This case is within the principle of that case. Port Hope, where the Bank of Upper Canada is located, is, I understand, distant about ten miles from Cobourg; but so far as the proof shows in this case it may be 150 miles or more. In such a case the materiality of the alteration of the bill in the mode of its acceptance would be quite apparent. It might

make a difference of several days in the time of the receipt by the drawer of the notice of non-payment. If the place of payment, in such a case, may be fixed ten miles distant from the place of residence of the acceptor, it may be 100 or 150 miles with equal reason. I think there can be no safe rule, except to confine the power of designation, by the acceptor, of the place of payment, to some place within the limits of his own city, town or village.

This question is very elaborately discussed in the answers of the twelve judges of England to an inquiry of the house of lords in the case of *Rowe* v. *Young*, reported in 6 *Eng. Com. Law Rep.* 63, (*S. C. 2 Brod. & Bing.* 165.) In that case all the judges, in opinions given *seriatim*, substantially agreed in opinion that "a qualified acceptance, making the bill payable at another town, taken by the holder without the assent of the drawer, would discharge the drawer." (*See opinion of Best J., p.* 66;) and that such acceptance would be a *material* departure from the bill, if it affected the question of *time* in making demand and giving notice to the drawer and indorsers. The same principle is asserted in the case of *Walker* v. *The Bank of the State of New York*, (13 *Barb.* 636.)

It is the right of the drawer or indorser of negotiable paper to have it presented to the acceptor or maker for payment at his place of residence, unless it is, on the face of the paper, originally, made payable at some specific place, with the single exception made and allowed in the case of *The Troy City Bank* v. *Lauman, supra; Spies* v. *Gilmore*, (1 *Comst.* 321;) *Anderson* v. *Drake*, (14 *John.* 114;) *Taylor* v. *Snyder*, (3 *Denio*, 145.)

The bill of exchange in this case was not properly presented for payment at the Bank of Upper Canada, Port Hope, so as duly to protest it for non-payment, as against the drawers, but it should have been presented personally to the acceptor, at Cobourg. It not having been so presented and notice of non-payment duly given, the drawers were not properly charged by the notice given, and are not liable on the bill.

This view of the plaintiffs' rights as shown at the trial being conclusive of the case, it is unnecessary to examine the other questions presented. The judgment should be reversed and a new trial granted.

New trial granted, with costs to abide the event.

[CAYUGA GENERAL TERM, June 4, 1860. *Smith, Johnson* and *Knox,* Justices.]