JACOB SHULER, RESPONDENT, v. AUGUSTUS F. GILLETTE,
APPELLANT.

*Note — alterations in — as to place of payment — materiality of.*

In an action against the indorser, the payee of a promissory note, it appeared
that after he had indorsed and delivered the note to the plaintiff, the maker,
without the knowledge of defendant, altered it by adding at the end and
before the signature of the maker the words: "At S. B. Gavitt's Bank, Lyons,
N. Y." Gavitt's bank was situated in the same town in which the maker and
payee resided. *Held*, that the alteration was an immaterial one, and that the
defendant was not discharged thereby.

APPEAL from judgment in favor of the plaintiff, entered upon a
verdict directed by the court.

The action was brought to recover against the defendant as
indorser of a promissory note, dated June 15, 1875, made by W. H.
Stout, for $168.50, payable two months from date, to defendant's
order, with interest, at S. B. Gavitt's bank in Lyons, New York.

The defendant set up in his answer several defenses, but the one
relied upon at the trial was, that he was an accommodation indorser
of the note, and that after the making and indorsement of said note
it was altered by the maker thereof, without defendant's knowledge
or consent, by adding at the end thereof and before the signature of
the maker, the words "at S. B. Gavitt's Bank, Lyons, N. Y."

The defendant was called and testified as a witness in his own
behalf, that when he indorsed said note the words above quoted were
not in it, and that he had refused to indorse a bank note for the
maker.

The witness on cross-examination testified that he lived in Lyons
near Gavitt's Bank, only a few steps off, and that Stout, the maker,
lived a quarter or half a mile from the bank.

At the close of the proofs the plaintiff's counsel asked the court
to order a verdict for the plaintiff, and a verdict was, accordingly,
ordered for the amount of the note and interest.

*D. S. Chamberlain*, for the appellant. The insertion of a place
of payment in a note after its execution, and without the consent

of a party thereto, unless made to fill a blank therein, which, from the terms of the note as executed, appears to have been left unfilled unintentionally, is a material alteration of such instrument, and discharges the non-consenting party from any liability thereon. (*Nazro* v. *Fuller*, 24 Wend., 374; *McIntosh* v. *Haydon*, 1 R. & Mood., 362; *Woodworth* v. *The Bk. of N. America*, 19 Johns., 391, 418–422; *Mechanics and Farmers' Bk* v. *Schuyler*, etc., 7 Cow., 337; *Bruce* v. *Westcott*, 3 Barb., 374; Pars. on Bills, etc. [ed. 1873], vol. 2, pp. 546, 547; Byles on Bills, 254; Edwards on Bills, etc., 95 [ed. 1857]; *Rex* v. *Birket*, Russ. & Ryan, 251; *Booth* v. *Powers et al.*, 56 N. Y., 30.) Alterations are material when they affect the date, time of payment, place of payment, etc. (Cowen's Treatise, § 336, and cases cited; 4 Barn. & Ald., 197; 1 Ry. & Mood., 362; Edwards on Bills, 95 [1857].) If a note is drawn payable generally, and the holder or payee or maker inserts a place of payment, so as to make it a part of the contract, the alteration is material; and if done after indorsement, without consent of the indorser, it will discharge the latter. (Edwards on Bills, 502 [1857], and cases cited; *Rowe* v. *Young*, 2 Brod. & Bing., 165; *Nazro* v. *Fuller*, 24 Wend., 374; 10 Barn. & Cres., 2; 4 Maule & Sel., 505; *Cowie* v. *Halsall*, 4 B. & Ald., 197 [decided before statute]; *Burchfield* v. *Moore*, 3 Ell. & Blackburn's R., 683 [decided 1854].)

*C. H. Roys*, for the respondent.

MULLIN, P. J.:

The only question upon this appeal is, whether the words added to the note, after its indorsement, was such an alteration as rendered it void.

An alteration of a note in a material part renders it void. (Byles on Bills, 310, and notes.)

Was the alteration made a material one? If it was not the note was still valid, notwithstanding the alteration.

The Court of Errors, in *Woodworth* v. *The Bank of America* (19 Johns., 391), held, that when no particular place of payment is designated in a promissory note, the holder is bound to demand payment of the maker personally, or at his residence, and the indorser contracts only to be answerable, in default of the maker, after such demand

has been made, and that every alteration of a note by the maker, in respect to the place of payment, or any alteration of the contract of the indorser in a part which may in any event become material, without his approbation, discharges his liability.

In that case the plaintiff in error was indorsee on a promissory note made by one Kane, and indorsed by the plaintiff for the accommodation of the maker. The note, when indorsed, was dated at Albany, but no place of payment was designated; it was delivered to the maker after indorsement and he, without the knowledge or consent of the indorser, wrote on the margin of it the words, "payable at the Bank of America," and signed it with his own name and delivered it to the Bank of America, in renewal of a previous note, made and indorsed by the same parties; but the plaintiff in error did not know that it was to be used to renew another note. Demand of payment was made at the Bank of America and not of the maker at his residence or place of businesss.

The plaintiff had a verdict at the Circuit, and the Court at General Term ordered judgment for the plaintiff upon it. The Court of Errors reversed the judgment, holding that the designation of a place of payment on the margin of the note, without the knowledge and consent of the indorser, after indorsement, was such a material alteration as discharged the indorser.

The case cited left the question open whether the designation of a place in the same town or city where a note or bill was payable, without the consent of the indorser or drawer, was such a material alteration as to discharge such parties. That question was distinctly presented in the case of *The Troy City Bank* v. *Lauman* (19 N. Y., 477). The action was brought on two bills of exchange drawn upon the treasurer of the Buffalo and New York City Railroad Company at New York, by an agent of the corporation at Buffalo, and accepted "for and on account of the Buffalo and New York City Railroad Company, payable at Continental Bank, New York; they were indorsed by Lawrence, Rockafellow & Moore, who resided in different places in Pennsylvania. The drafts were presented for payment at the Continental Bank, in New York, and payment was refused, and notices were addressed to the defendant's firm and mailed to each of them at their places specified in the indorsement. The plaintiff had a verdict and judgment, which was affirmed at the

General Term of the Superior Court of Buffalo, in which the action was brought; and the defendant appealed to the Court of Appeals. That Court affirmed the judgment, holding, that it was not a material alteration of the bill to accept it payable at a designated place in the same city in which it was payable.

The acceptor resided in New York, and the bill not designating any particular place in the city, it was in law payable at the acceptor's residence or place of business; and the acceptance making it payable at the Continental Bank did not change the place of payment, but merely designated the particular place where payment should be demanded by the holder.

This case was followed by this court in *Niagara District Bank* v. *Fairman, etc., Tool Manufacturing Company* (31 Barb., 403). See, also, *Rowe* v. *Young* (2 Brod. & Bing., 165); *Walker* v. *Bank of the State of New York* (13 Barb., 636).

This liability of an acceptor after acceptance, is precisely the same as that of the maker of a note. (Opinion of the chancellor in *Woodworth* v. *Bank of America, supra.*) The alteration that discharges the one will discharge the other.

The alteration in this case is substantially the same as that made in the case in the nineteenth New York (*supra*); and the ruling in that case must be followed.

The judgment must be affirmed.

Present — MULLIN, P. J.. and TALCOTT, J.; SMITH, J., not sitting.

Judgment affirmed.